The motions which have been made herein raise the inquiry whether this court can properly proceed with the cause without the United States being made a party defendant under congressional authorization.
The bill asserts that defendant's building as now constructed interferes with the passage of light and air through certain windows in the westerly end of complainant's building, and prays for a mandatory injunction requiring defendant to remove so much of his building as will restore former conditions. The easement of light and air which the bill seeks to protect is alleged to have arisen through severance of ownership of an entire estate by a conveyance to complainant's predecessor in title. The bill further seeks an injunction pendente lite against the use of a chimney which forms a part of defendant's structure, which use is alleged to cause smoke to enter some of the windows referred to in the bill. *Page 659 
At the return of an order to show cause for restraint touching the use of the chimney, and at the hearing of the motions already referred to, it was ascertained that the structure which is alleged to cover two of complainant's windows is in use as a post office of the United States government under a five years' written lease from defendant, the lease antedating the bill, and that the chimney complained of is a part of that structure, and is not used by defendant, but is used solely by the agents of the federal government to heat the post office.
In these circumstances it seems impossible to afford complainant any relief under his bill in the absence of the United States as a party defendant, since the United States, as tenant of the building and chimney which are alleged to offend, and as sole user of both, has a material interest in the very objects of the suit and is necessarily affected by any decree that could be made under the averments of the bill. The United States cannot be said to be merely a party in interest in the subject-matter of the suit; its interests are in the very objects of the suit, and no decree of the nature sought can be executed without necessarily affecting those interests. See McLaughlin
v. Van Keuren, 21 N.J. Eq. 379.
It is also disclosed that in reply to a request of complainant for the United States to intervene in this cause a reply was sent by the solicitor of the post office department to the solicitor of complainant as follows:
"It is not believed necessary or advisable for the post office department to intervene in this suit, as it does not appear that the convenience of this department should bear upon the settlement of the controversy." Complainant now urges this letter as in effect a consent on the part of the government that this court may adjudicate the issue presented by the bill.
I am unable to discern in this letter more than a determination of the solicitor that he will not intervene in this suit; but whatever his meaning or purposes may have been, it is clear that this court cannot predicate a right to award the relief sought by complainant upon a consent or authorization of the nature referred to emanating from any department of our federal government except congress. *Page 660 
No action can be sustained against the United States except in pursuance of authority emanating from congress, and this exemption from judicial process extends to the property and property rights of the United States. Stanley v. Schwalby,147 U.S. 508; Bellknap v. Schild, 161 U.S. 10. No officer of the government can lawfully waive this exemption. Carr v. UnitedStates, 98 U.S. 433. The United States is liable to damages for a breach of its contract on the same principles and to the same extent as a private party; and a suitable remedy has been provided by law in the jurisdiction conferred upon the court of claims. Chicago and Northwestern Railway Co. v. United States,104 U.S. 680. Congress has by general legislation also conferred upon the circuit and district courts of the United States power to entertain certain classes of suits against the government, but it has been held that the exercise of that jurisdiction must be limited to the field clearly defined. United States v. Jones,131 U.S. 1. In all cases congressional sanction must be found to sustain the right. See 29 Am. Eng. Encycl. L. (2d ed.)174; 39 Cyc. 775, 777. No congressional sanction has been found for a suit against the United States in this court. It also has been held by our federal supreme court that, in the absence of congressional sanction for the action, when it becomes apparent by the pleadings or the proofs that the possession assailed is the possession of the government by its agents, the exercise of the jurisdiction of the court should cease. Carr v. UnitedStates, 98 U.S. 433.
Accordingly it is clear that this court should not proceed further in this cause unless and until congressional sanction for the action is disclosed.
From the foregoing it is not to be understood that the proper process to procure the removal of the building of which complaint is here made is to be found in this court. See Taylor v.Wright, 76 N.J. Eq. 121. *Page 661