MICHAEL DEVANEY ET AL. *v.* BOARD OF ZONING APPEALS OF THE CITY OF NEW HAVEN.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 12—decided June 14, 1945.

*David M. Richman,* for the plaintiffs (appellees).

*Thomas R. FitzSimmons,* with whom was *Harold C. Donegan* for Vito Migliaro (appellant).

PER CURIAM. In the view we take of the principal issue, the result will be the same whether we deny the motion for permission to file a motion to erase or the motion to erase. We choose to deal directly with the motion to erase the appeal.

The action came to the Court of Common Pleas as an appeal by certain property owners from a decision of the board of zoning appeals of New Haven permitting Vito Migliaro to use, for a restaurant, the lower floor of a building in a Residence B district. The court sustained the appeal. Migliaro filed an appeal to this court from that judgment. The plaintiffs seek to have it erased on the ground that he is not a party to the action.

The appeal was brought to the Court of Common Pleas in the approved form for such a proceeding. Practice Book, Form No. 581. It was in the general form of a petition to the court, reciting the names of the appellants, and stating that it was an appeal from the board of zoning appeals; and it then alleged the facts which were the basis of its claims for relief and stated these claims. To it was appended a direction to the sheriff or other proper officer to summon the board and Migliaro to appear before the court on a day certain to answer the appeal. Service in accordance with this direction was made on Migliaro. In a proceeding of this nature, it is the summons attached to the complaint and its service which bring the persons

named into court as parties defendant to the action. *Leavitt* v. *Leavitt,* 135 Mass. 191, 192. Migliaro was a party to the action in the Court of Common Pleas and, therefore, entitled to appeal.

In the interest of proper practice, we add that, as relief granted to the plaintiffs on the appeal would necessarily result in the invalidation of the permission granted to Migliaro to use the premises for a restaurant, he was a necessary, indeed an indispensable, party to it. *Rommell* v. *Walsh,* 127 Conn. 16, 23, 15 Atl. (2d) 6; *United States* v. *Allen,* 103 C. C. A. 1, 19, 179 Fed. 13; *Cowperthwaite* v. *Wallworth,* 105 N. J. Eq. 657, 659, 149 Atl. 353; *Jones* v. *Herbert,* 77 N. H. 282, 284, 90 Atl. 854.

The motion to erase is denied.