MAURICE W. SHULMAN *v.* ZONING BOARD OF APPEALS OF THE CITY OF HARTFORD

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued January 4—decided January 27, 1956

*Joseph L. Shulman,* for the appellant (plaintiff).

*Frank A. Murphy,* with whom, on the brief, were *John J. Kenny* and *Alexander A. Goldfarb,* for the appellee (defendant).

O'Sullivan, J.   On September 14, 1948, the defendant board held a public hearing upon an application previously filed with it by Edward C. Humphrey.   As set forth in the application, Humphrey was requesting the board to grant him permission under the zoning ordinance to extend a nonconforming use of premises which he then owned.   Directly after the hearing, the board went into executive session and unanimously voted to approve the application.   The plaintiff, a nearby property owner, claiming to be aggrieved, appealed from that action of the board and summoned it to appear before the Court of Common Pleas on the first Tuesday of November, 1948.   Although the issues were soon closed by the board's answer, the matter lay dormant for six years. Finally the case was heard, and judgment dismissing the appeal was rendered on March 21, 1955.   The plaintiff has appealed from the judgment.

We note at the outset that the appeal from the board was not served on Humphrey.   He was not only a proper party but also an indispensable one, since a right granted to him by the board was being challenged. *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 218, 220, 43 A.2d 304.   The court should have cited him in as a party defendant before passing on the merit of the appeal.   While it is true that the court's decision did not attempt to destroy his right but rather to support it, we are reluctant, after the passage of over seven years since permission to extend the nonconforming use was granted, to examine

the correctness of the court's judgment until Humphrey has been cited into the case and been given an opportunity to be heard. See *Kuehne* v. *Town Council*, 136 Conn. 452, 462, 72 A.2d 474.

There is error, the judgment is set aside and the case is remanded to be proceeded with in accordance with this opinion.

In this opinion the other judges concurred.