PATRICK TAZZA ET AL. *v*. PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT

ALDEN H. VOSE, JR. *v*. PLANNING AND ZONING COMMISSION OF THE TOWN OF WESTPORT ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued November 7—decided December 20, 1972

*Thomas C. Gerety,* for the appellant (petitioner Vose) in the first case and for the appellant (plaintiff) in the second case.

*William D. Allen,* for the appellees (plaintiffs) in the first case and the appellee (defendant Tazza) in

the second case; *Frederick F. Ehrsam, Sr.,* for the appellees (defendant Dunning et al.) in the second case.

LOISELLE, J. Since both appeals involve the same property, these cases were consolidated and briefed as one by the parties. The cases, however, will be discussed separately.

In the first case, the plaintiffs Tazza and others applied to the planning and zoning commission of the town of Westport for a three-lot subdivision of a six-acre tract. The application alleged that the "subdivision complied with all the regulations of the Town of Westport as pertains to subdivisions." The planning and zoning commission denied permission for the subdivison after concluding: "1. That there was no significant improvement over the earlier subdivison of 1962. 2. That the proposed subdivision does not conform to the spirit and intent of the subdivision regulations, Sec. 3.3." The plaintiffs appealed to the Court of Common Pleas and, after the defendant commission failed to plead, the court entered a default against the defendant and rendered judgment sustaining the appeal on December 4, 1970.

On January 30, 1971, Alden H. Vose, Jr., made a motion to the court requesting that the judgment be "reopened," that he be permitted to intervene and be made a party defendant, and that he be allowed to file an answer and a special defense. In support of his motion Vose claimed, inter alia, that he owned land abutting the tract of land owned by the plaintiffs, that he had not received notice of the appeal and that had he known of the appeal he would have moved to intervene. Vose also asserted that he would have had a statutory right of appeal and

would have exercised this right had the defendant commission initially granted the application of Tazza. The court denied the motion and Vose has appealed.

The primary issue presented by this appeal is whether an unsuccessful applicant who appeals an adverse decision of a zoning authority to the Court of Common Pleas must give notice of his appeal to abutting owners and others who opposed his application. The petitioner Vose contends that since he was a party in interest who appeared before the commission in opposition to the application for a subdivision and since he had a statutory interest as an abutting landowner he was entitled to notice of the appeal to the Court of Common Pleas by the unsuccessful applicants.

Appeals to the courts from administrative officers or boards exist only under statutory authority and unless a statute provides for such appeals courts are without jurisdiction to entertain them. *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348; *Bardes* v. *Zoning Board,* 141 Conn. 317, 318, 106 A.2d 160.

The provision of General Statutes § 8-8 which affords abutting owners a right of appeal from a zoning board is no more than the legislative recognition of an additional method for establishing standing to bring an appeal. An abutter has no greater interest than that of any other person found by the court to be aggrieved. *Foran* v. *Zoning Board of Appeals,* 158 Conn. 331, 340, 260 A.2d 609 (dissenting opinion).

An applicant who received a favorable decision from the zoning board of appeals is a necessary, indeed indispensable, party to an appeal by persons aggrieved by the decision because were the appeal

to be sustained the result would be the invalidation and deprivation of rights granted to the applicant by the zoning board. *Kuehne* v. *Town Council,* 136 Conn. 452, 462, 72 A.2d 474; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 218, 220, 43 A.2d 304.

Even though the provisions of § 8-8 give abutters the right to appeal decisions of zoning boards, nothing in the statute supports the claim that the legislature thus granted abutters the right to notice of an appeal by an unsuccessful applicant. The court's function in considering an appeal from a zoning authority is limited to a determination of whether the board had acted illegally, arbitrarily or in abuse of the discretion vested in it. *Jenkins* v. *Zoning Board of Appeals,* 162 Conn. 621, 623, 295 A.2d 556; *Verney* v. *Planning & Zoning Board of Appeals,* 151 Conn. 578, 580, 200 A.2d 714.

The present case was not a declaratory judgment action which by virtue of Practice Book § 309 (d) would require all persons having an interest in the subject-matter to be made parties or to be given reasonable notice. In discussing the necessity for notice to interested persons in an appeal under statutory provisions in contrast to a declaratory judgment action involving zoning enactments, this court clearly stated in *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 482, 196 A. 344: "One whose property rights are directly affected by a municipal ordinance or regulation which he claims to be void may bring an appropriate action for relief against the municipality and is not bound, as a condition of securing that relief, to make all other property owners whose rights may be affected parties to the proceedings; at least in so far as relief to the plaintiff is concerned, the municipality, made a party to the action, represents the residents and property

owners within its boundaries." *State ex rel. Howard* v. *Hartford Street Ry. Co.,* 76 Conn. 174, 179, 56 A. 506; *Faulkner* v. *Keene,* 85 N.H. 147, 153, 153 A. 195; see *Whitney* v. *New Haven,* 58 Conn. 450, 20 A. 666; *Dunham* v. *New Britain,* 55 Conn. 378, 11 A. 354. It is also noteworthy that in an action for mandamus against the town officials to compel the issuance of a building permit "[t]he plaintiffs were not bound to cite in adjacent property owners." *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 482, 133 A.2d 901.

Orderly determination of the validity of the action of a zoning authority will not be enhanced by requiring notice to abutters or persons who appeared before the commission in opposition to the application. The commission remains the proper party to represent the public interest and defend its decisions and § 8-8 cannot be interpreted to require that notice of an applicant's appeal be afforded to abutters or others who opposed an application before a zoning authority.

The petitioner Vose admits in his brief that if he had no right to intervene as a party defendant his claim of error in the court's refusal to open the judgment in the appeal must fail. Even if the petitioner had a right to intervene before judgment; see *Greenwich Gas Co.* v. *Tuthill,* 113 Conn. 684, 695–96, 155 A. 850; he was, nevertheless, required to demonstrate in a petition to open that he was prevented from appearing by mistake, accident or other reasonable cause. Practice Book § 286. Since the petitioner was not entitled to notice of the appeal, his claim that he did not receive notice is insufficient to satisfy the requirements of Practice Book § 286. The court acted properly within the provisions of Practice Book § 286 in refusing to open the judgment.

The second case involves the decisions of the zon-

ing and planning commission dated January 4, 1971. On that day, because of the judgment of the Court of Common Pleas sustaining the appeal in the first case, the commission met in executive session, without public notice, and approved the subdivision as originally proposed by Patrick Tazza and others, the plaintiffs in the first case. From this approval, the plaintiff Vose appealed to the Court of Common Pleas. The defendant Tazza and others filed motions to erase, claiming that the plaintiff was attempting to attack collaterally the earlier judgment of the court. The court granted the motions to erase and the plaintiff has appealed.

A motion to erase from the docket will be granted only when the face of the record clearly indicates that the court is without jurisdiction. Practice Book § 94; *Browning* v. *Steers,* 162 Conn. 623, 624, 295 A.2d 544; *Karp* v. *Urban Redevelopment Commission,* 162 Conn. 525, 526, 294 A.2d 633; *Perrys, Inc.* v. *Waterbury Redevolpment Agency,* 157 Conn. 122, 123, 249 A.2d 256. The only question presented by the motion to erase was whether the record demonstrated that the Court of Common Pleas lacked jurisdiction to consider the plaintiff's appeal. "Jurisdiction is the power in a court to hear and determine the cause of action presented to it. Jurisdiction must exist in three particulars: the subject matter of the case, the parties, and the process." *Brown* v. *Cato,* 147 Conn. 418, 422, 162 A.2d 175. The appeal was taken from the decision of a planning and zoning commission. General Statutes § 8-8 gives the Court of Common Pleas jurisdiction of this subject-matter and the court had jurisdiction of the necessary parties. General Statutes § 8-8; *Shulman* v. *Zoning Board of Appeals,* 143 Conn. 182, 120 A.2d 550.

A motion to erase is not the proper method for placing in issue the sufficiency of a complaint. Furthermore, a motion to erase is not sufficient to raise an affirmative defense; *Pearson* v. *Bridgeport Hydraulic Co.,* 141 Conn. 646, 649, 109 A.2d 260; or to attack the complaint for alleging the same cause of action as in a prior suit. *Fetzer* v. *Miscoe Spring Water Co.,* 141 Conn. 364, 365, 106 A.2d 149. The record fails to disclose that the court lacked jurisdiction to hear and determine the appeal. *Karp* v. *Urban Redevelopment Commission,* supra, 528; *Barney* v. *Thompson,* 159 Conn. 416, 420, 270 A.2d 554; *Perrys, Inc.* v. *Waterbury Redevelopment Agency,* supra, 126. The court may, of course, determine the effect of the prior trial when and if the question is properly raised.

In the case of *Patrick Tazza* v. *Planning and Zoning Commission of the Town of Westport,* there is no error. In the case of *Alden H. Vose, Jr.* v. *Planning and Zoning Commission of the Town of Westport,* there is error, the judgment is set aside and the case is remanded with direction to deny the motions to erase.

In this opinion the other judges concurred.