## Thomas P. Fong et al. *v.* Planning and Zoning Board of Appeals of the Town of Greenwich
### (5972)
### (5973)

Bieluch, Stoughton and Foti, Js.

Argued March 17—decision released October 4, 1988

*A. William Mottolese,* with whom, on the brief, was *Hugh D. Fyfe,* for the appellant (defendant).

*James A. Fulton,* for the appellant (Charles W. Pettengill, Jr.).

*Haden P. Gerrish,* with whom, on the brief, was *Bruce F. Cohen,* for the appellees (plaintiffs).

BIELUCH, J. In appeal No. 5972, the defendant planning and zoning board of appeals of the town of Greenwich (board) has appealed, on the granting of certification, from a judgment of the trial court sustaining the plaintiffs' appeal from the action of the board revoking their building permit. In appeal No. 5973, Charles W. Pettengill, Jr., has appealed, on the granting of certification, from the same judgment, and from the court's denial of his postjudgment motions to intervene and to set aside its judgment.[1] In appeal No. 5972, the board claims that the trial court erred in holding that Pettengill's appeal to the board was not timely filed, and in holding that the board's revocation of the plaintiffs' building permit in that appeal was, therefore, illegal, arbitrary and an abuse of discretion. In appeal No. 5973, Pettengill claims that the trial court's judgment was jurisdictionally void because he was an indispensable party and was never named or served as a party defendant, and that the court erred in denying his postjudgment motions to intervene and to set aside the judgment. In response, the plaintiffs claim that Pettengill waived his right to intervene as an indispensable party, and that he had a duty to inquire whether an appeal was taken from the granting by the board of his application to revoke the plaintiffs' building permit. We find error.

The plaintiffs are the owners of a nonconforming commercial building known as 68 Lewis Street in

---

[1] This court also granted the plaintiffs' petition for certification, but they did not thereafter appeal.

Greenwich. Pettengill owns the adjoining property on the east side known as 70 Lewis Street. The walls of these respective buildings abut each other. On March 12, 1985, the building inspector granted the plaintiffs a building permit to add a second story for the sole purpose of accommodating a conveyor system incident to a laundry and dry cleaning establishment operated by them on the premises. On May 21, 1985, Pettengill appealed the issuance of the permit to the board, contending that the permit violated the zoning regulations in that the proposed addition did not meet the standards for site plan review.

At the hearing on Pettengill's appeal, the plaintiffs objected to the timeliness of the appeal claiming that, pursuant to General Statutes § 8-7,[2] the appeal had to be filed within thirty days of the issuance of the permit. At the conclusion of the hearing, the board found that the building permit was never posted at the site of the proposed construction, and that Pettengill first became aware of the permit upon inquiry after the start of the construction, when he saw it posted inside through a window of the plaintiffs' building.[3] The board rejected the plaintiffs' claim, holding: "In accordance with well established legal principle . . . the 30-day period in respect to the present appeal did not commence to run until the applicant had notice, actual or

[2] General Statutes § 8-7 provides in relevant part: "The concurring vote of four members of the zoning board of appeals shall be necessary to reverse any order, requirement or decision of the official charged with the enforcement of the zoning regulations or to decide in favor of the applicant any matter upon which it is required to pass under any bylaw, ordinance, rule or regulation . . . . An appeal may be taken to the zoning board of appeals by any person aggrieved . . . and shall be taken within such time as is prescribed by a rule adopted by said board, or, if no such rule is adopted by the board, within thirty days, by filing with the zoning commission or the officer from whom the appeal has been taken and with said board a notice of appeal specifying the grounds thereof."

[3] The named plaintiff testified at the board's hearing that the building permit had been tacked to a wooden shelf facing the window.

constructive, of the issuance of such a permit. . . . However, as Fong does not recollect when the permit was posted, the Board deems that such 30-day period commenced on the day applicant first saw the permit and, therefor, the appeal was timely taken.'' On the merits of the appeal, the board concluded that the permit was issued erroneously because the proposed addition ''does not conform and meet with the [site plan review] standards of Section 6-15 of the [Building Zone] Regulations.'' The board thereupon sustained the appeal and revoked the building permit.

On August 9, 1985, the plaintiffs appealed to the Superior Court from the decision of the board revoking their building permit. The only defendant named and served in this appeal was the board. At no time during the pendency of the appeal did the plaintiffs move to add or cite Pettengill as a necessary party, nor was he served with notice of the appeal. The hearing on the appeal was held on November 5, 1986. In the absence of Pettengill, the court found aggrievement, and thereafter announced it would take the appeal on its merits by reviewing the proceedings of the board pursuant to General Statutes § 8-8 (e).[4] Although briefs had been submitted, at the request of plaintiffs' counsel oral argument was allowed. The argument of the board's counsel was interrupted by a question by the court addressed to the plaintiffs' attorney, who then was granted permission, over objection, to have the named plaintiff testify about his posting of the build-

---

[4] General Statutes § 8-8 (e) provides in relevant part: ''The court, upon an appeal taken under subsection (a) of this section, shall review the proceedings of said board and shall allow any party to such appeal to introduce evidence in addition to the contents of the record of the case returned by said board if the record does not contain a complete transcript of the entire proceedings before said board, including all evidence presented to it, pursuant to section 8-7a, or if, upon the hearing upon such appeal, it appears to the court that additional testimony is necessary for the equitable disposition of the appeal.''

ing permit. The plaintiff testified that he posted the permit on a shelf facing the street within a few days of April 1. When told on cross-examination that his testimony was contrary to that given by him at the board hearing, the plaintiff stated: "I just recalled it and exactly when in April."

On January 29, 1987, the trial court issued its memorandum of decision sustaining the appeal, thereby reinstating the plaintiffs' building permit. The court found that because Pettengill's appeal to the board was untimely, the board had acted illegally, arbitrarily and abused its discretion in sustaining his appeal. On February 11, 1987, Pettengill moved to set aside the judgment on the ground that although he was an indispensable party, he having previously appealed to the board on the matter subsequently appealed therefrom to the court, the plaintiffs failed to join him as a party defendant. In the alternative, he moved to intervene as a party defendant for the same reason. Both motions were denied on February 17, 1987. The court filed a supplemental memorandum of decision on May 4, 1987, supporting these rulings. The court found that Pettengill had not been "prevented from appearing by a mistake, accident or other reasonable causes." It was the court's stated opinion that "Pettengill was clearly aware of the pendency of the action since at least August 8, 1985, and that he voluntarily chose not to move to intervene until after the decision of the court."

The central and decisive issue before this court is whether Pettengill was an indispensable party to the plaintiffs' appeal from the administrative ruling in Pettengill's prior appeal to the board, whose failure to be named and to be served as a defendant in the second appeal deprived the trial court of subject matter jurisdiction. We conclude that Pettengill was a necessary and indispensable party in the plaintiffs' appeal from the board's ruling in Pettengill's prior appeal to

it, and that the plaintiffs' failure to name and to serve him as a party defendant deprived the court of jurisdiction.

This case is one of first impression. The facts presented to us disclose an appeal structured upon a prior appeal, but with the omission of a principal party of record in the first appeal as a party in the succeeding appeal. As a party of record in the first appeal, which had determined certain rights in his favor, Pettengill was a necessary party to the appeal from such determination of his rights. The failure to name and serve Pettengill as a party defendant in the appeal attacking the rights granted to him in his prior appeal deprived the trial court of jurisdiction, and invalidated its judgment.

The factual situation relied upon and cited by the trial court in its supplemental memorandum denying Pettengill's motions to open and set aside the judgment and to intervene as a party defendant was that of *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 319 A.2d 393 (1972). In *Tazza,* the primary issue was "whether an unsuccessful applicant who appeals an adverse decision of a zoning authority to the [Superior Court] must give notice of his appeal to abutting owners and others who opposed his application." Id., 190. *Tazza* was misinterpreted and misapplied by the trial court to the facts in this case when it ruled that it "would not grant [Pettengill's] motion[s] unless there was evidence to clearly establish that Mr. Pettengill was prevented from appearing by mistake, accident or other reasonable causes."

Rather than being supportive of the decision of the trial court, as that court concluded, *Tazza* gives us the direction to follow. The Supreme Court in *Tazza* projected its opinion to the factual situation before us when it stated: "An applicant who received a favor-

able decision from the zoning board of appeals is a necessary, indeed indispensable, party to an appeal by persons aggrieved by the decision because were the appeal to be sustained the result would be the invalidation and deprivation of rights granted to the applicant by the zoning board. *Kuehne* v. *Town Council,* 136 Conn. 452, 462, 72 A.2d 474 [1950]; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 218, 220, 43 A.2d 304 [1945]." *Tazza* v. *Planning & Zoning Commission,* supra, 190–91. The distinction established by *Tazza* as to parties in defense of an appeal from a zoning decision is that between the public interest, such as abutters, and the private interest, such as parties of record to the zoning decision. The public interest of those who are not necessary or indispensable parties to the zoning decision and an appeal therefrom is properly represented by the zoning authority on an appeal. "The commission remains the proper party to represent the public interest and defend its decision and [General Statutes] § 8-8 cannot be interpreted to require that notice of an applicant's appeal be afforded to abutters or others who opposed an application before a zoning authority." Id., 192. On the other hand, private rights granted by a favorable zoning decision make their beneficiaries necessary and indispensable parties, in an appeal therefrom, to defend such rights against their possible invalidation and deprivation. Id., 190–91.

The distinction between the defense of private and public interests in a zoning appeal delineated in *Tazza* is well established. In *Shulman* v. *Zoning Board of Appeals,* 143 Conn. 182, 120 A.2d 550 (1956), the defendant board in 1948 granted an extension of a nonconforming use. A nearby property owner, claiming to be aggrieved, appealed. After a hearing, the trial court rendered judgment dismissing the appeal in 1955. On appeal to the Supreme Court the following year, the court suo motu ruled: "We note at the outset that the

appeal from the board was not served on [the applicant]. He was not only a proper party but also an indispensable one, since a right granted to him by the board was being challenged. *Devaney* v. *Board of Zoning Appeals,* [supra]. *The court should have cited him in as a party defendant before passing on the merit of the appeal.* While it is true that the court's decision did not attempt to destroy his right but rather to support it, we are reluctant, *after the passage of over seven years* since permission to extend the nonconforming use was granted, to examine the correctness of the court's judgment until [the applicant] has been cited into the case and been given an opportunity to be heard. See *Kuehne* v. *Town Council,* [supra]." (Emphasis added.) *Shulman* v. *Zoning Board of Appeals,* supra, 183–84.

In *Kuehne* v. *Town Council,* supra, certain property owners appealed from a change of zone granted upon the application of another owner. After the trial court dismissed their appeal, they appealed to the Supreme Court, which made this relevant observation: "While the matter was not called to the attention of the trial court or raised before us, we note that the appeal in this case was served only upon the town council. As the effect of sustaining it is to deprive [the applicant] of a right which had been granted to him by the council, he was a necessary party to the proceeding. *Devaney* v. *Board of Zoning Appeals,* [supra]. Before judgment can be entered sustaining the appeal, the trial court should cause him to be cited into the case as a party and give him an opportunity to be heard. *Chiarelli* v. *Pentino,* 100 Conn. 686, 689, 124 A. 806 [1924]." *Kuehne* v. *Town Council,* supra, 462.

The depth of the foundation supporting our conclusion that Pettengill is a necessary and indispensable party is further established by *Devaney* v. *Board of Zoning Appeals,* supra. In *Devaney,* the court concluded: "In the interest of proper practice, we add that, as relief

granted to the plaintiffs on the appeal would necessarily result in the invalidation of the permission granted to [the applicant] to use the premises for a restaurant, he was a necessary, indeed an indispensable, party to it." Id., 220.[5]

Subsequent to *Tazza* and its historic antecedents, the legislature in 1984 adopted General Statutes § 8-8 (d), which provides: "*The court, upon the motion of the person who applied for the board's decision, shall* make such person a party defendant in the appeal. Such defendant may, at any time after the return date of such appeal, make a motion to dismiss the appeal. At the hearing on such motion to dismiss, each appellant shall have the burden of proving his standing to bring the appeal. The court may, upon the record, grant or deny the motion. The court's order on such motion shall be a final judgment for the purpose of the appeal as to each such defendant. No *appeal may be taken* from any such order except *within seven days* of the entry of such order." (Emphasis added.) Public Acts 1984, No. 84-227, § 1 (d).

The enactment of § 8-8 (d) was not intended to codify or limit in any way the rights of an applicant to the board as a necessary or indispensable party. It does not diminish Pettengill's rights as a necessary and indispensable party, as established by existing case law. By its terms, it applies only tangentially to the case before us. Pettengill is a person "who applied for the board's decision." His rights as a necessary and indispensable

---

[5] The rule is identical to that under General Statutes § 4-183 (b) of the Uniform Administrative Procedure Act, requiring that "[c]opies of the petition shall be served upon the agency and *all parties of record* . . . ." (Emphasis added.) The failure to serve notice of an administrative appeal upon a party of record, as required by § 4-183 (b), is a fatal jurisdictional defect. "It is clear that such failure is a subject matter jurisdictional defect mandating dismissal." *Minichino* v. *Freedom of Information Commission,* 6 Conn. App. 148, 149, 503 A.2d 1189 (1986).

party, and his supplementary rights under § 8-8 (d), are not diminished because his application to the board was by a prior appeal to it from the administrative grant of a building permit to the plaintiffs by the building inspector. As a necessary party in the appeal to the board, he became a necessary party of record for further proceedings in any appeal from the board's decision by the plaintiffs. The context and purpose of § 8-8 (d) are expressed clearly and definitively in its stated purpose: "An Act Concerning Frivolous Appeals Of Land Use Decisions." Its legislative intent was not to impinge upon the existing rights of necessary and indispensable parties, such as Pettengill, in zoning appeals.

The rights of "[a]n applicant who received a favorable decision from the zoning board of appeals [as] a necessary, indispensable, party" are supplemented, but not reduced in any manner, by the provisions of § 8-8 (d) permitting intervention upon demand and early consideration of motions for dismissal of frivolous zoning appeals, with opportunity for appellate review shortened to seven days. *Tazza* v. *Planning & Zoning Commission,* supra, 190. This conclusion is illustrated in *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) (*Simko I*). In *Simko I,* the issue before the Supreme Court was whether the trial court erred in dismissing the zoning appeal, pursuant to § 8-8 (d), because the plaintiffs' failure to serve the clerk of the municipality as a statutorily mandated necessary party constituted a jurisdictional defect rendering the appeal subject to dismissal. Affirming that "the courts of this state have consistently held that, in appeals from administrative decisions, the failure to include the name of a necessary party or defendant in the citation is a jurisdictional defect that renders the appeal subject to dismissal *even where, as here, that party was served or provided with copies of the appeal papers*"; (emphasis

added) id., 419–20; the court concluded that *"[t]he failure to name a statutorily mandated, necessary party in the citation is a jurisdictional defect which renders the administrative appeal subject to dismissal."* (Emphasis added.) Id., 421. This holding of *Simko I* was affirmed in *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 382–83, 538 A.2d 202 (1988) (*Simko II*).

Underlying the requirement of naming a necessary and indispensable party in a pending action is the basic and fundamental concept of due process of law. An elementary and fundamental element of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections. "Failure to give notice violates 'the most rudimentary demands of due process of law.' *Armstrong* v. *Manzo,* 380 U.S. 545, 550, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)." *Peralta* v. *Heights Medical Center, Inc.,* 485 U.S. 80, 84, 108 S. Ct. 896, 99 L. Ed. 2d 75 (1988); *Park City Hospital* v. *Commission on Hospitals & Health Care,* 14 Conn. App. 413, 424–25, 542 A.2d 326 (1988) (*Bieluch, J.,* dissenting).

Although we have concluded that Pettengill is a necessary and indispensable party to this appeal taken by the plaintiffs, there is a subsidiary issue raised by the plaintiffs that we are obliged to consider. The plaintiffs claim that by neglecting to file his motions until after the court rendered a judgment unfavorable to him, Pettengill waived any right he may have had to intervene and set aside the judgment. It has been conceded that Pettengill had notice of the pending appeal. That does not resolve this claim, however, for it attempts to shift to Pettengill the jurisdictional obligation of the plaintiffs to bring a proper appeal. This burden of complying with jurisdictional requirements remains with the plaintiffs, to be properly demanded and supervised

by the trial court. In *Shulman* v. *Zoning Board of Appeals,* supra, the Supreme Court refused to consider a zoning appeal that had been pending for more than seven years, because of the absence of the applicant as a proper and indispensable party, "until [the applicant had] been cited into the case and been given an opportunity to be heard." Id., 184. Similarly, in *Kuehne* v. *Town Council,* supra, because the matter was not called to the attention of the trial court or raised before it, the Supreme Court made this reservation without considering any waiver: "Before judgment can be entered sustaining the appeal, the trial court should cause [the applicant] to be cited into the case as a party and give him an opportunity to be heard." Id., 462.

In *Peralta* v. *Heights Medical Center, Inc.,* supra, Peralta was personally served with a citation in the basic action to recover a sum allegedly due under his guarantee of a hospital debt incurred by one of his employees. He alleged that service of the citation was untimely. Under Texas law, a late service deprived the court of personal jurisdiction over the defendant. Peralta thereafter did not appear or answer. A default judgment was rendered against him for the amount claimed, plus attorney's fees and costs. Peralta then brought a bill of review to set aside the default judgment. The trial court rendered summary judgment against him, for which purpose it was assumed that there had been defective service. The Supreme Court held that due process considerations overrode the claim that Peralta had to show that he had a meritorious defense to set aside the judgment, holding that "only 'wip[ing] the slate clean . . . would have restored the petitioner to the position he would have occupied had due process of law been accorded to him in the first place.' " Id., 900, quoting *Armstrong* v. *Manzo,* supra, 552.

There is error on the appeal by Charles W. Pettengill, Jr., the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion; the defendant's appeal is dismissed.

In this opinion, STOUGHTON, J., concurred.

FOTI, J., dissenting. I dissent from the conclusion of the majority that Charles W. Pettengill, Jr., was an indispensable party whose absence deprived the trial court of jurisdiction over the plaintiffs' administrative appeal. Although I agree with the majority that this is a case of first impression, I believe it has misinterpreted our case law in reaching its conclusion.

I reiterate only three facts: (1) Thomas P. Fong and his wife own the property which is the subject of this appeal; (2) on March 12, 1985, the building inspector for the town of Greenwich issued a building permit which would have allowed the Fongs to enlarge the building which houses their laundry and dry cleaning business so as to accommodate a conveyor system; and (3) Pettengill owns the property abutting the Fongs' property and successfully challenged the granting of the permit before the town's planning and zoning board of appeals (board).

In each of the decisions relied upon by the majority, the party referred to as an "applicant" stood in precisely the same position as the Fongs, namely, that as owners of the subject property they received an interest in any future litigation which was different in kind from the public at large. This interest derived from the granting of a permit or a zoning change. These opinions cannot be read to stand for the proposition that abutters receive a similar interest merely because they challenge the granting of a permit before the zoning authority.

In *Shulman* v. *Zoning Board of Appeals,* 143 Conn. 184, 120 A.2d 550 (1956), the applicant was the owner of the subject property who had received permission to continue a nonconforming use. A nearby property owner challenged the extension but no notice was given to the owner of the subject property. Our Supreme Court concluded that the owner of the property had received a right making him an indispensable party to the appeal. Similarly, in *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 218, 43 A.2d 304 (1945), the applicant was the owner of the subject property who had received permission from the board to use the residential property for a restaurant. The decision granting the permit was appealed by "certain property owners." Id., 219. The trial court sustained the appeal without the owner of the subject property being cited as a party. Again, our Supreme Court determined that the owner of the subject property had received certain rights as a consequence of being granted permission to use the property as a restaurant, making him an indispensable party to the appeal. Finally, in *Kuehne* v. *Town Council,* 136 Conn. 452, 72 A.2d 474 (1950), the applicant was the owner of the subject property who had obtained a change in zoning of the property. Other property owners challenged the decision of the zoning authority without naming the owner of the subject property. Our Supreme Court concluded that the effect of sustaining the appeal was to deny the owner of the subject property a right granted to him by the zoning authority.

In each of these cases, the owner of the subject property, like the Fongs in this case, received permission to use his property in a manner which was not otherwise permitted. In each case, a nearby or abutting landowner, like Pettengill, challenged the use. In every case it was the owner of the subject property that our Supreme Court concluded was an indispensable party,

and not the abutting landowner. Here, if Pettengill had appealed the granting of the permit and the Fongs had not been named, then *Shulman, Devaney and Kuehne* would be analogous. In this case, Pettengill cannot claim a right merely because he challenged the permit before the zoning authority. To the contrary, as an abutting property owner, his rights are narrowly prescribed. See *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 191, 319 A.2d 393 (1972). Pettengill's interest in this action is the generalized interest of other abutting and nearby property owners. The zoning authority remains the entity to represent the public interest in the defense of its decision and General Statutes § 8-8 cannot be interpreted to require notice to abutters. Id., 192.

In this case, Pettengill's challenge of the granting of the permit was sustained, thus revoking the plaintiffs' building permit. The zoning authority, not Pettengill, was the proper party to defend that decision which protected the interest of the community at large. If, however, Pettengill wished to remain a party to any further proceedings, the burden fell on him to intervene. General Statutes § 8-8 (d) provides in relevant part: "The court, upon the motion of the person who applied for the board's decision, shall make such person a party defendant in the appeal." This language anticipates the precise situation presented here. Pettengill applied to the zoning authority challenging the granting of the permit; on appeal to the Superior Court his only right to be cited as a party was contingent upon a motion to intervene pursuant to § 8-8 (d). His failure so to move until after judgment had been rendered deprived him of the opportunity to intervene as granted by the statute.