628

## THOMAS P. FONG ET AL. *v.* PLANNING AND ZONING BOARD OF APPEALS OF THE TOWN OF GREENWICH (13548)

SHEA, CALLAHAN, GLASS, COVELLO and HULL, Js.

Argued June 7—decision released August 15, 1989

*Haden P. Gerrish,* with whom, on the brief, was *Bruce F. Cohen,* for the appellants (plaintiffs).

*James A. Fulton,* with whom, on the brief, was *Douglas S. Skalka,* for the appellee (Charles W. Pettengill, Jr.).

*James W. Macauley,* for the appellee (defendant).

SHEA, J. This appeal involves the issue of whether a successful applicant to a planning and zoning board of appeals (board) is an indispensable party to an appeal of the board's decision in his favor and, if so, whether failure to name and serve the applicant deprives the court of subject matter jurisdiction. We affirm the Appellate Court insofar as it concluded that a successful applicant to a zoning board is an indispensable party to such an appeal, but reverse its decision that the failure to name and serve a successful applicant in an appeal from a zoning board decision deprives the court of subject matter jurisdiction, a holding that would require a dismissal of the plaintiffs' appeal in the trial court.[1] *Fong* v. *Planning & Zoning Board of Appeals,* 16 Conn. App. 604, 548 A.2d 454 (1988).

---

[1] The rescript of the Appellate Court was as follows: "There is error on the appeal by Charles W. Pettengill, Jr., the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion;

The relevant facts are as follows. The plaintiffs are the owners of a nonconforming commercial building located at 68 Lewis Street, Greenwich. The appellee, Charles W. Pettengill, Jr., is the owner of property immediately adjacent to the plaintiffs' property. On March 12, 1985, the building inspector for the town of Greenwich issued the plaintiffs a building permit to add a second story to their commercial building for the purpose of installing a dry cleaning conveyor system. Although the plaintiffs were required to post the building permit in a conspicuous manner upon issuance, they failed to do so until some time between April 2 and April 11, 1985. On May 21, 1985, shortly after construction began, Pettengill appealed the granting of the building permit to the planning and zoning board of appeals. The board sustained Pettengill's appeal and revoked the plaintiffs' building permit on July 29, 1985.

On August 8, 1985, the plaintiffs appealed the board's decision to the Superior Court pursuant to General Statutes § 8-8 (a).[2] The plaintiffs alleged, inter alia, that the board acted illegally, arbitrarily and in abuse of its

the defendant's appeal is dismissed." *Fong* v. *Planning & Zoning Board of Appeals,* 16 Conn. App. 604, 616, 548 A.2d 454 (1988).

Having concluded that the trial court lacked subject matter jurisdiction of the appeal, the Appellate Court presumably intended that the "further proceedings" in the trial court would be limited to the dismissal of the appeal. We presume that the defendant's appeal was dismissed because it would be moot if there were a lack of subject matter jurisdiction.

[2] General Statutes § 8-8 (a) provides: "APPEAL FROM BOARD TO COURT. REVIEW BY APPELLATE COURT. (a) Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board, or any officer, department, board or bureau of any municipality, charged with the enforcement of any order, requirement or decision of said board, may, within fifteen days from the date when notice of such decision was published in a newspaper pursuant to the provisions of section 8-3 or 8-7, as the case may be, take an appeal to the superior court for the judicial district in which such municipality is located, which appeal shall be made returnable to said court in the same manner as that prescribed for civil actions brought to said court."

discretion because the appeal was untimely and thus barred by General Statutes § 8-7. On January 28, 1987, the trial court found that Pettengill's seventy day delay in filing his appeal to the board after the issuance of the building permit was unreasonable. The trial court concluded that Pettengill's appeal to the board was untimely filed and, therefore, sustained the plaintiffs' appeal.

On February 11, 1987, Pettengill filed a motion to intervene as a party defendant[3] and a motion to set aside the judgment. Pettengill contended that as one whose appeal to the board had been sustained he was an indispensable party to the appeal from the board's decision and the failure to join him deprived the court of subject matter jurisdiction. The trial court denied both the motion to intervene and the motion to set aside the judgment on February 17, 1987.

In a supplemental memorandum of decision issued on May 1, 1987, the court found that Pettengill was aware of the pendency of the plaintiffs' action as of August 8, 1985, and that he voluntarily chose not to intervene until after judgment. The trial court stated that it would have allowed Pettengill to intervene if he had so moved before judgment, but it would not per-

---

[3] As authority for his motion to intervene, Pettengill cited General Statutes §§ 52-102, 52-103 and 52-107. Pettengill did not cite General Statutes § 8-8 (d) which expressly authorizes the intervention in an appeal from a zoning board decision by the person who applied for the board's decision. General Statutes § 8-8 (d) provides: "The court, upon the motion of the person who applied for the board's decision, shall make such person a party defendant in the appeal. Such defendant may, at any time after the return date of such appeal, make a motion to dismiss the appeal. At the hearing on such motion to dismiss, each appellant shall have the burden of proving his standing to bring the appeal. The court may, upon the record, grant or deny the motion. The court's order on such motion shall be a final judgment for the purpose of the appeal as to each such defendant. No appeal may be taken from any such order except within seven days of the entry of such order."

mit intervention after judgment. Thus, the trial court reaffirmed its denial of Pettengill's motion to intervene and motion to set aside the judgment, but granted Pettengill's request to participate in the appeal of the court's ruling.

On March 17, 1987, the Appellate Court granted petitions for certification filed by the defendant board and by Pettengill. In its decision in the case, the Appellate Court held that "Pettengill was a necessary and indispensable party in the plaintiffs' appeal from the board's ruling in Pettengill's prior appeal to it, and that the plaintiffs' failure to name and to serve him as a party defendant deprived the court of jurisdiction." *Fong* v. *Planning & Zoning Board of Appeals,* supra, 608–609. We granted the plaintiffs' petition for certification on November 10, 1988, and now reverse the Appellate Court.

I

In the resolution of this appeal, we must first determine whether the Appellate Court erred in determining that Pettengill was an indispensable party to the plaintiffs' appeal from the board's decision. On this issue, we conclude that the Appellate Court did not err.

We have declared that parties are indispensable "when they ' "not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience." *Shields* v. *Barrow,* 58 U.S. (17 How.) 130, 139 [15 L. Ed. 158 (1855)]; 3A Moore, Federal Practice § 19.07.' *Standard Mattress Co.* v. *Hartford,* 31 Conn. Sup. 279, 288, 329 A.2d 613 (1974)." *Sturman* v. *Socha,* 191 Conn. 1, 6, 463 A.2d 527 (1983).

Moreover, under circumstances similar to the present case, we have stated that "[a]n applicant who received a favorable decision from the zoning board of appeals is a necessary, indeed indispensable, party to an appeal by persons aggrieved by the decision because were the appeal to be sustained the result would be the invalidation and deprivation of rights granted to the applicant by the zoning board. *Kuehne* v. *Town Council,* 136 Conn. 452, 462, 72 A.2d 474 [1950]; *Devaney* v. *Board of Zoning Appeals,* 132 Conn. 218, 220, 43 A.2d 304 [1945]." *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190–91, 319 A.2d 393 (1972); see also *Shulman* v. *Zoning Board of Appeals,* 143 Conn. 182, 183, 120 A.2d 550 (1956). The plaintiffs attempt to distinguish the present case on the ground that in the cases cited the applicant to the board owned the land that was the subject of the zoning decision allowing a particular use of it, while here Pettengill is merely an abutter who succeeded in having approval of a particular use of adjoining land revoked. They maintain that Pettengill's status as an abutter gives him no greater rights in respect to the appeal from the board than those of any member of the public who had been similarly aggrieved by the original grant of the permit to the plaintiffs. "An abutter has no greater interest than that of any other person found by the court to be aggrieved." *Tazza* v. *Planning & Zoning Commission,* supra, 190.

Pettengill was not merely an abutter, however, but the person who initiated before the board the very proceeding that has resulted in the present appeal. Unlike other abutters or aggrieved members of the public, whose interests may be regarded as adequately represented by the board itself, he had become a party to the administrative proceeding. If he had not prevailed before the board, he could have appealed from its decision. Having been successful, Pettengill acquired a spe-

cial interest in the subject matter of any appeal resulting from the proceeding that might deprive him of the benefit of its outcome before the board in his favor. We consider this benefit to be equivalent to the "right" granted by a zoning board to a landowner to use his property in a certain manner. It was essential that he be given notice and an opportunity to protect his interests by making him a party to the appeal. Id., 190–91. Accordingly, the Appellate Court did not err in concluding that Pettengill was an indispensable party to the plaintiffs' appeal.

## II

Having determined that Pettengill was an indispensable party, we must determine whether the failure of the plaintiffs to cite and serve him constituted a jurisdictional defect in the proceedings. It is here that we depart from the Appellate Court's decision.

The Appellate Court determined that the failure to cite and serve Pettengill was a jurisdictional defect based, in part, on our holding in the first *Simko* case; *Simko* v. *Zoning Board of Appeals,* 205 Conn. 413, 533 A.2d 879 (1987) *(Simko I)*; which we subsequently affirmed in *Simko* v. *Zoning Board of Appeals,* 206 Conn. 374, 538 A.2d 202 (1988) *(Simko II)*. In finding a jurisdictional defect in the present case, the Appellate Court quoted *Simko I* as follows: " '*The failure to name a* statutorily mandated, *necessary party in the citation is a jurisdictional defect which renders the administrative appeal subject to dismissal.*' (Emphasis added.)" *Fong* v. *Planning & Zoning Board of Appeals,* supra, 614, quoting *Simko I,* supra, 421. The language in this passage that the Appellate Court did not emphasize, however, is critical. Our holdings in the *Simko* cases finding no error in the trial court's dismissal of the zoning appeals on jurisdictional grounds centered on the fact that General Statutes § 8-8 (b)

mandated that the town clerk be named and served in such an appeal. In the *Simko* cases the town clerk was not so named. The present case is vastly different in that it is not *"statutorily mandated"* (emphasis added) that the applicant to the board be named or served in an appeal. See General Statutes § 8-8 (b).[4] Therefore, dismissal of the appeal for lack of subject matter jurisdiction based on the *Simko* rationale was inappropriate.

Contrary to the Appellate Court, we conclude, on several grounds, that the failure to cite and serve a successful zoning board applicant does not result in a lack of subject matter jurisdiction and require dismissal of the appeal. First, we rely upon the conjunctive operation of General Statutes § 52-108[5] and Practice Book § 100,[6] which prohibit the defeat of an action for nonjoinder or misjoinder of parties.[7] These provisions are

[4] General Statutes § 8-8 (b) provides: "Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board, and by serving a true and attested copy upon the clerk of the municipality, provided service upon the clerk of the municipality shall be for the purpose of providing additional notice of such appeal to said board and shall not thereby make such clerk a necessary party to such appeal. The appeal shall state the reasons upon which it has been predicated and shall not stay proceedings upon the decision appealed from, but the court to which such appeal is returnable may, on application, on notice to the board and on cause shown, grant a restraining order."

[5] General Statutes § 52-108 provides: "An action shall not be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interests of justice require."

[6] "[Practice Book] Sec. 100.——NONJOINDER AND MISJOINDER

"Except as provided in Secs. 157 and 198 no action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the cause, as it deems the interests of justice require."

[7] By its terms, Practice Book § 100 is subject to the exception that an action may be defeated for nonjoinder pursuant to Practice Book § 157 if the entire complaint, counterclaim or cross complaint is stricken and the party whose pleading was stricken does not file a new one within fifteen days.

antithetical to the contention that nonjoinder of an indispensable party can result in the dismissal of an action for lack of subject matter jurisdiction, and thus its defeat. Second, if the failure to cite and serve an applicant were to constitute a jurisdictional defect, § 8-8 (d), authorizing the intervention of the applicant in the appeal, would be rendered superfluous. See *Gianetti* v. *Norwalk Hospital,* 211 Conn. 51, 60, 557 A.2d 1249 (1989). We must presume that the legislature did not enact a statute authorizing the intervention of a party in an appeal that is void for lack of subject matter jurisdiction because the intervening party was not cited and served when the appeal was commenced. Finally, we have recently held that an administrative appeal should not necessarily be dismissed for lack of an indispensable party.

In *Hillcroft Partners* v. *Commission on Human Rights & Opportunities,* 205 Conn. 324, 327, 533 A.2d 852 (1987), we held that "[t]he failure to join one who is even an indispensable party, however, does not warrant dismissal of a statutory appeal where the statute does not specify that such a person must be served." We relied for this conclusion partly upon Practice Book § 100, providing that "no action shall be defeated by the nonjoinder . . . of parties" but that "[n]ew parties may be added and summoned in . . . by order of the court, at any stage of the cause, as it deems the interests of justice require." We also relied upon our decision in *Shulman* v. *Zoning Board of Appeals,* supra, 183–84, in which we remanded a zoning appeal for the purpose of joining as an indispensable party a successful applicant, whom the statute did not require to be served but who, nevertheless, had to be given "an opportunity to be heard." See also *Kuehne* v. *Town Council,* supra, 462. Under these precedents, it is clear that the failure initially to join one whose presence is essential for a complete adjudication of an administrative appeal

is a defect not involving subject matter jurisdiction, because it is curable at a later stage of the proceeding pursuant to Practice Book § 100. Only when the statute authorizing the appeal requires a designated person to be made a party does the failure to do so constitute noncompliance with its terms and thus involve subject matter jurisdiction. *Simko I,* supra, 421. The Appellate Court, therefore, erred in concluding that the failure to cite and serve Pettengill involved a lack of subject matter jurisdiction and required a dismissal of the plaintiffs' appeal simply because Pettengill was an indispensable party.

## III

The plaintiffs claim that the finding that Pettengill had notice of the pendency of the appeal made it unnecessary to join him as a party because of his failure to attempt to exercise his right to intervene pursuant to § 8-8 (d) until after judgment had been rendered. Section 8-8 (d), as we have previously noted, does contemplate that the successful applicant will enter the appeal by intervention after it has been filed in court rather than by being joined as a defendant initially. Unless he is given proper notice of the appeal and thus provided with an opportunity to be heard, however, the applicant would not receive the protection of his interests intended by § 8-8 (d) and required by fundamental tenets of due process. See *Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed. 865 (1950); *Kron* v. *Thelen,* 178 Conn. 189, 193, 423 A.2d 857 (1979). Without such notice the applicant's statutory right to intervene would be of little use to him.

In a supplemental memorandum of decision explaining the denial of Pettengill's motion to intervene, the trial court, after hearing the evidence, found that "Pettengill was clearly aware of the pendency of the action

since at least August 8, 1985, and that he voluntarily chose not to move to intervene until after the decision of the court." The date referred to is the date of the complaint commencing the appeal. There is no evidence that Pettengill on August 8, 1985, knew of the pendency of the appeal nor do the plaintiffs claim any such evidence. There was evidence, however, that Pettengill was aware of a newspaper article containing his picture that appeared in the Greenwich Times on August 26, 1985, in which the appeal brought by the plaintiffs was discussed.

Because it is not within our province to find facts; *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 220, 435 A.2d 24 (1980); we cannot determine whether this or other evidence is sufficient to establish Pettengill's knowledge of the plaintiffs' appeal. We can determine only that there is insufficient evidence to support the trial court's conclusion that Pettengill waived his right to intervene based on the fact that he had knowledge of the appeal "at least [on] August 8, 1985."

In any event, we conclude that the kind of notice of the pendency of an appeal to be derived from a newspaper article is not equivalent to the notice the legislature intended an applicant to receive so that he could exercise his right to intervene in accordance with § 8-8 (d). See *Tulsa Professional Collection Services* v. *Pope,* 485 U.S. 478, 489–90, 108 S. Ct. 1340, 99 L. Ed. 2d 565 (1988). For such notice to be adequate it must generally satisfy the requirements for ordinary civil process; General Statutes § 52-45a et seq.; and should take the form of a proper citation to appear as a party. Thus, the applicant may be given a reasonable time to appear in order to exercise his statutory right to intervene and procedures for defaulting those applicants

who fail to appear after proper service may be followed in accordance with our rules of practice. See Practice Book § 351 et seq.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to set aside the judgment of the trial court and to remand for the purpose of allowing Pettengill to intervene and for a new trial of the appeal.

In this opinion the other justices concurred.