[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON INTERVENOR-DEFENDANTS' MOTION TO DISMISS
The intervening defendants, tenants at John Fitch Court, a Section 8 complex for elderly persons in Windsor, move to dismiss the plaintiff's appeal of an order of the Windsor Housing Code Board of Appeals directing plaintiff to make certain modifications and improvements to the screens and windows at Fitch Court. Intervenors were not parties to the administrative hearings conducted by defendant, but were granted intervenor status in this appeal as party defendants.
While intervenors' motion alleges a number of grounds for dismissing the appeal, at oral argument counsel narrowed the claim to one issue: whether General Statutes Sec. 8-8 requires that the intervening defendants be served with the complaint. Since service was not made on the intervenors they argue that pursuant to 8-8 the court lacks subject matter jurisdiction.
The appeal in this case was taken pursuant to and in accordance with General Statutes 8-208a which provides in relevant part that:
 Any person or persons severally or jointly aggrieved by any decision of a housing code board of appeals or any officer, department, board or bureau of any municipality . . . may, within fifteen days from the date or such decision, take an appeal to the superior court . . . Notice of such appeal shall be given by leaving a true and attested copy thereof with, or at the usual place of abode of, the chairman or clerk of said board. (Emphasis supplied) CT Page 8734
By its very terms this provision requires that service be made only on the chairman or clerk of the board. There is no requirement in 8-208a, as acknowledged by intervenors, that service be made on them or any "interested person". Instead, intervenors argue that General Statutes 8-8 governs the appeal from the decision of the Housing Code Board of Appeals. In particular intervenors argue that the definition of "board" in8-8(2) necessarily includes the Housing Code Board of Appeals referenced in 8-208. If, according to intervenors, defendant is in fact a "board" within the meaning of 8-8(2), then 8-8(f) requires that "service of process shall also be made on each person who petitioned the board in the proceeding;" viz, the intervenors.
For all of the reasons set forth in plaintiff's well reasoned memorandum in opposition to the motion to dismiss, intervenor's argument is without merit. The principal flaw is intervenors' claim that 8-8 governs appeals taken pursuant to8-208. General Statutes 8-10 provides that, "The provisions of8-8 shall apply from zoning boards of appeals, zoning commissions or other final zoning authority of any municipality." (Emphasis supplied). Read in conjunction with 8-10, it is obvious that 8-8 applies only to appeals from decisions of the "final zoning authority" of a municipality such as planning and zoning commissions or zoning boards of appeals. Only in those cases must "interested" persons be cited and served. Even then, as plaintiff points out, failure to make proper service is not a jurisdictional defect. Fong v. Planning and Zoning Board of Appeals, 212 Conn. 628 (1989).
Plaintiff has moved for sanctions in connection with certain arguments, not discussed in this opinion, offered by intervenors in support of their motion to dismiss. Action on this request will be reserved until there is final decision on the merits of this case.
Accordingly, the intervenor-defendants' motion to dismiss is denied.
ROBERT L. HOLZBERG, J. CT Page 8734-A