[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 11, 1996
This is the Defendant's motion to strike both counts of the plaintiffs' appeals from the decision of the Killingly board of tax review regarding the assessment of the plaintiffs' properties.
The appeal involves the claims of numerous taxpayers that the valuation of their respective properties as determined by the board of tax review were wrongful under G.S. § 12-119, §12-117a, and § 12-111 for the assessment year of October 1, 1994. The appeal avers that the plaintiffs own, individually, residential buildings in the Alexander Lake area of Killingly. It further states that these building owners lease the land upon which their respective houses are situated. This creates the unusual circumstance that the owner of the land and the owner of the dwelling are different persons. The land beneath these residences is owned by John Sheridan and John Callahan, neither of whom are parties to this appeal. The gist of the plaintiffs' complaint is that the assessment process unfairly includes a "site" component, presumably attributable to the proximity to the CT Page 1089 lake, which renders their assessments invalid.
The defendant offers two grounds in support of its motion to strike, viz. misjoinder and nonjoinder of indispensable parties. The defendant first argues that, because each appellant owns a different home, separate appeals must be brought. Therefore, the defendant contends, these appeals are really based on unrelated transactions and cannot be joined together. The court observes that the plaintiffs only criticize the method of valuation rather than specific dollar amounts pertinent to their houses individually. The issue raised, the validity of the site component, is identical for each plaintiff. Practice Book § 84 indicates that all persons may be joined in one action as plaintiffs if "any right of relief is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact could arise." (Emphasis added.) That section permits a trial court to order separate trials if joinder might "embarrass" or delay trial. The court holds that identity of issues raised permits joinder under § 84 and that the ultimate resolution of the appeals will be expedited by joinder.
As to the second ground for the motion, the court notes that the exclusive remedy for nonjoinder of an indispensable party is by way of a motion to strike. Levine v. Police Commission,28 Conn. App. 344, 351 (1992). While failure to join an indispensable party is nonjurisdictional, a trial court may refuse to proceed with litigation if a claim cannot be adjudicated properly without the presence of an indispensable party. Hilton v. City of New Haven, 233 Conn. 701, 721 (1995). An indispensable party is one who has an interest in a controversy and such an interest that a final judgment cannot be had without affecting that interest or leaving the controversy in an inequitable or unconscionable state. Fong v. Planning and ZoningBoard of Appeals, 212 Conn. 628, 632 (1989).
The defendant submits that Sheridan and Callahan as owners of the land upon which the dwellings are located, are indispensable parties. The court disagrees.
The appeal alleges that, while Sheridan and Callahan, own the land, the plaintiffs own the buildings that are the subject of the assessment under attack. Although this ownership arrangement is unusual, it appears to be sanctioned by G.S. § 12-64. That statute separately lists what real estate is liable to municipal CT Page 1090 property taxation. It specifies many forms of structures including "dwelling houses." It also separately lists a variety of land holdings including "house lots" and "all other lands," as well as certain easements.
Significantly, § 12-64(a) contains language, on more than one occasion, which refers to the taxable real estate as "an interest" rather than a reference to land or ownership in land. Section 12-64(b) refers to "any land, buildings, or easement." This enumeration of interest recurs in § 12-64(c). This separate listing of land and buildings implies that each category of interest is distinct and separately taxable if ownership of the land and building is divided.
The appeal contains no allegations that the plaintiffs' assessments include valuation of the land as well as the structures. To the contrary, paragraph one of the appeal specifically identifies the "properties" assessed with "buildings." The court determines that any decision of this appeal will have little or no direct impact on the owners of the land alone. A motion to strike admits all facts will pleaded,Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). The court concludes that Sheridan and Callahan are not indispensable parties to this appeal.
For these reasons, the motion to strike is denied.
SFERRAZZA, J.