[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR EXTENSION OF TIME TO APPEAL
The Freedom of Information Commission has moved to extend the time to file an appeal from a decision of this court filed on January 25, 1996. The FOIC's motion is dated February 29, 1996, fifteen days after the twenty-day appeal period expired on February 14, 1996. Practice Book § 4009. The plaintiff objects to the granting of the motion.
Extensions of time to appeal may be granted, pursuant to P.B. § 4040, for "good cause shown." The circumstance advanced by the movant as "good cause" is the failure of the movant's counsel to receive the ruling promptly. The FOIC characterizes the situation as one in which the FOIC "had no notice of the issuance of a memorandum of decision until after the appeal period had run"
In the body of its motion however, the FOIC admits that the FOIC's mail log indicated that the FOIC received mail from New Haven Superior Court bearing the docket number of this case on January 29, 1996. (Motion, page 2.) The court file reveals in two places that the memorandum of decision was mailed to all counsel of record on January 26, 1996. At the conclusion of oral argument on January 16, 1966, this court advised counsel that the ruling would be issued within a week or two of the argument
This court concludes that a copy of the memorandum of decision was mailed to all counsel of record on January 26, 1996 CT Page 1628 and that the FOIC somehow failed to route that document to its counsel in timely fashion. The movant makes no claim that the ruling was sent by the court to an address other than that set forth on the appearance filed by counsel
The court finds that the memorandum of decision was timely sent to the movant and was received by it and that the reported delay in its reaching the hands of counsel was apparently the result of faulty internal procedures at the FOIC. This court does not find such to constitute good cause to extend the appeal period pursuant to P.B. § 4040. To recognize such internal office administrative procedures as good cause would be to introduce great uncertainty into the appellate process and to impose an unwarranted burden on parties who justifiably believed and perhaps acted on, the fact that no appeal nor request for extension had been filed within the period allowed.
The situation presented is not one in which the notice that triggered a deadline was informal rather than by the process mandated by law as in Fong v. Planning and Zoning Board ofAppeals, 212 Conn. 628, 637 (1989).
The movant failed to file an appeal or a motion for extension of time to appeal within the time limits imposed by §§ 4009 and 4040. Good cause not having been shown, the belated motion to extend time is denied.
Beverly J. Hodgson Judge of the Superior Court