[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#125)MOTION TO CITE IN (#128)
The plaintiffs commenced this shareholder derivative action on JULY 19, 1993, by writ, summons and complaint served on the defendant Ronald L. Bailer. The plaintiffs have brought this action, pursuant to General Statutes § 52-572j, on behalf of Allen Products Company ("Allen Products"), a closely-held corporation. The complaint alleges that Bailer is a shareholder and that he was the President and a member of the board of directors at all relevant times to the complaint. The complaint alleges that Bailer breached his fiduciary duty to Allen Products as an officer and director, and that he breached General Statutes § 33-321 in his capacity as a director. The plaintiffs further allege that they made demand upon the board of directors of Allen Products to initiate a lawsuit against Bailer for his alleged transgressions. The plaintiffs allege that the demand was rejected by the board.
The defendant filed an answer on December 8, 1993. On July 11, 1994, pursuant to Practice Book § 176(c), the defendant filed a request for leave to file an amended answer and two CT Page 14111 special defenses. On July 21, 1994, the plaintiffs filed an objection to the defendant's request to file an amended answer as to the addition of the two special defenses. On September 6, 1994, the defendant's objection was overruled by Rush, J. The first special defense alleges that the plaintiffs do not fairly and adequately represent the interests of the shareholders similarly situated. The second special defense alleges that the court lacks subject matter jurisdiction over the plaintiffs' claims because the plaintiffs have not complied with the requirements of General Statutes § 52-572j(b). On September 27, 1994, the defendant filed a motion for summary judgment based on the allegations of the two special defenses. On September 29, 1994, pursuant to Practice Book § 103, the plaintiffs filed a motion to cite in Allen Products as a nominal defendant to this shareholder derivative action. On October 18, 1994, the plaintiffs filed a memorandum in opposition to the defendant's motion for summary judgment.
Summary Judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384; Suarez v. Dickmont Plastics Corp.,229 Conn. 99, 105, 639 A.2d 507 (1994). "While it is improper for a plaintiff to move for summary judgment on a special defense, a defendant may properly move for summary judgment as to the complaint, based upon the allegations of a special defense." (Citations omitted.) Aetna Life Casualty v. Mark, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 702459, 9 Conn. L. Rptr. 402, 403 (July 21, 1993, Hennessey, J.).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Ambroise v. William Raveis Real Estate, Inc.,226 Conn. 757, 765, 628 A.2d 1303 (1993). "A court has subject matter jurisdiction if it has the authority to hear a particular type of legal controversy. This jurisdiction relates to the court's competency to exercise power." Vincenzo v. Warden,26 Conn. App. 132, 134-35, 599 A.2d 31 (1991). "Unlike jurisdiction over the person, subject matter jurisdiction cannot be created through consent or waiver." Id., 135. "Whenever a court finds that it has no [subject matter] jurisdiction, it must dismiss the case, without regard to previous rulings." Id. Furthermore, "[w]hen a CT Page 14112 question of jurisdiction is brought to the court's attention, that issue must be resolved before the court can move on to other matters." Isaac v. Mount Sinai Hospital, 3 Conn. App. 598, 600,490 A.2d 1024 (1985); see also Baldwin Piano Organ Company v.Blake, 186 Conn. 295, 297, 441 A.2d 183 (1982). Any claim of lack of subject matter jurisdiction can be raised at any time by suggestion of any party or, sua sponte, by the court. Practice Book § 145; see also Glastonbury Volunteer Ambulance Assn.,Inc. FOIC, 227 Conn. 848, 633 A.2d 305 (1993) (affirming trial court's sua sponte determination that the trial court lacked subject matter jurisdiction).
"[A] motion to dismiss is the proper vehicle for claiming any
lack of jurisdiction in the trial court." (Emphasis in original; internal quotation marks omitted.) Upson v. State, 190 Conn. 622,624-25 n. 4, 461 A.2d 991 (1983). A trial court, however, has the power to determine whether it has jurisdiction, and "the power to determine its jurisdiction is one of the core inherent powers of a court. `[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it ispresented . . . and the court must fully resolve it before proceeding further with the case. . . . [A] court must have jurisdiction to determine its own jurisdiction once that has been put in issue." (Alterations in original; emphasis added.) GoldenHill Paugussett Tribe of Indians v. Southbury, 231 Conn. 563, 570-71, ___ A.2d ___ (1995), quoting Castro v. Viera 207 Conn. 420, 1429-30,541 A.2d 1216 (1988). "Effective July 1, 1978, the motion to dismiss replaced both the plea in abatement and the motion to erase as the proper procedural vehicle to test the trial court's jurisdiction." Upson v. State, supra, 624-25 n. 4. "Lack of jurisdiction, however, may be raised at any time and not necessarily through the formality of a motion to erase, for the question, once raised, must be disposed of no matter in what form it is presented." Carten v. Carten, 153 Conn. 603, 610,219 A.2d 711 (1966). Therefore, the court will consider the defendant's assertion of a lack of subject matter jurisdiction in the form presented to the court.
In his motion and supporting memorandum of law the defendant argues that the plaintiffs have failed to comply with the requirements of General Statutes § 52-572j(b) by not serving and naming Allen Products as a defendant to the instant shareholder derivative suit. The relevant portion of the statute reads as follows: "In any action brought pursuant to this section [52-572j], process shall be served on the corporation or association as in CT Page 14113 other civil actions, and notice of the service of process after its having been served shall be given to the board of directors and such other interested persons as the court deems proper."
It is not clear from the statute whether a corporation or association has to be made a defendant. The legislative history does not clarify the ambiguity. See 20 S. Proc., Pt. 4, 1977 Sess., p. 1666-1667; 20 H.R. Proc., Pt. 9, 1977 Sess., p. 3517-3533 ("An Act Concerning Derivative Actions by Shareholders or Members", which became Public Act 77-310). One Superior Court case has even stated that "[a]lthough the statutory language isnot without defect the court sees a clear intent on the part of the legislature to have a shareholder's derivative action brought against the corporation. . . . That is mandatory. The plaintiffs' original complaint failed to name the corporations and therefore their original complaint was subject to a motion to dismiss for [lack] of subject matter [jurisdiction]." (Emphasis added.) Fishv. Fisher, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 328282, 2 CSCR 1074 (September 29, 1987, O'Neill, J.).
It is, however, clear from the statute that the corporation or association has to be served with process "as in other civil actions." General Statutes § 33-297(a) provides that process may be served upon the corporation's statutorily appointed agent for service. General Statutes § 33-296 requires a statutory agent for service to be appointed by Connecticut corporations. General Statutes § 52-57(c), however, provides alternative methods of service on a corporation. General Statutes § 52-57(c) reads in pertinent part as follows: "In actions against a private corporation, service of process shall be made either upon the president, the vice president, an assistant vice president . . . " or other enumerated high level corporate official, including any director resident in this state. Most importantly, a sheriff's return specifies the names of the parties served. General statutes § 6-32.
Referring to the sheriff's return in this case, dated July 19, 1993, Allen Products was not served with process; the defendant Ronald L. Bailer was served individually and not in his corporate capacity. Bailer could have been served in his capacity as President of Allen Products, pursuant to § 52-57, but the sheriff's return does not indicate such service. Therefore, corporate service was not perfected in accordance with the requirements of General Statutes § 52-572(b). CT Page 14114
The court finds that the purpose and intent of the required corporate service, pursuant to the statutory scheme, is to provide adequate notice of the derivative action to all the shareholders and the corporation. The court, however, finds that the requirement that the corporation be served with process assumes that the corporation has been made a nominal defendant. Accordingly, therefore, the court further finds that the corporate entity is an indispensable party in any derivative action brought pursuant to § 52-572j. Indispensability, however, does not implicate the court's subject matter jurisdiction. Hilton v. New Haven, 233 Conn. 701, 721, ___ A.2d ___ (1995), citing Fong v. Planning Zoning Board of Appeals,212 Conn. 628, 634-36, 563 A.2d 293 (1989).
The court concludes from the totality of the circumstances, in the instant action, that the ambiguity of the statute should not enure to the detriment of the plaintiffs. The indispensable party, i.e., the corporation, may be joined pursuant to the provisions of General Statutes § 52-108 and Practice Book § 100. See Fong v. Planning Zoning Board of Appeals, supra, 634-36.
The plaintiffs have filed a motion to cite in the corporation as a defendant and it was filed on September 29, 1994, after the motion for summary judgment was filed on September 27, 1994. The court must first act on the motion for summary judgment which raised the issue of subject matter jurisdiction. Golden HillPaugussett Tribe of Indians v. Southbury, supra, 231 Conn. 570;Isaac v. Mount Sinai Hospital, supra, 3 Conn. App. 600.
Although, for the reasons set forth above, the defendant's motion for summary judgment (#125) is denied. Upon denying the defendant's motion for summary judgment based on subject matter jurisdiction, the court grants the plaintiffs' motion to cite in (#128) Allen Products.
The court also denies the defendant's motion for summary judgment based on the second issue raised by the defendant's motion, namely, whether the plaintiffs fairly and adequately represent the interests of the shareholders similarly situated. A genuine issue of material fact exists because the motive and intent of the plaintiffs is particularly inappropriate to be resolved by way of summary judgment. Nolan v. Borkowski,206 Conn. 495, 504 05, 538 A.2d 1031 (1988); see also Batick v.CT Page 14115Seymour, 186 Conn. 632, 646, 443 A.2d 471 (1982).
Comerford, J.