[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether the court should grant the defendants' motion to dismiss counts one and three of the plaintiff's complaint.
FACTS
On April 11, 1995, the plaintiff, Scott Levine, administrator of the estate of Robert J. Levine, who died on September 7, 1994, filed a three count complaint against four defendants, Lawrence J. Levine, Sandra Levine, Ronald Mathieu and David Levine, alleging the following facts. The plaintiff's decedent is a shareholder of Rapid Car Wash, Inc. (RCW), a Connecticut corporation with its principal place of business in New London, Connecticut. At all relative times, the defendants, Lawrence J. Levine, Sandra Levine and Ronald Mathieu were shareholders, officers and directors of RCW. The defendant, David Levine, is a shareholder and, possibly, an officer of RCW.
Count one of the complaint is a shareholder's derivative claim against all four defendants for breach of their fiduciary duty to RCW, the corporation's shareholders and to the plaintiff's decedent in particular. This breach of the defendants' fiduciary duty resulted from a course of conduct from 1980 to the present, whereby the individual defendants elected themselves directors, appointed themselves officers of RCW, diluted the corporation's stock, paid themselves excessive salaries and looted the corporation, depriving both the corporation and the plaintiff's decedent, as a shareholder, of income and assets. Count two alleges that the defendant, Ronald Mathieu, individually breached a fiduciary duty to the plaintiff's decedent, as holder of Robert J. Levine's proxy to vote his shares of RCW stock. Count three alleges that the defendants, Lawrence J. Levine, Sandra Levine, Ronald Mathieu and David Levine, as officers, directors and majority shareholders, or shareholders with control of RCW, individually breached their fiduciary duty to the plaintiff's decedent. CT Page 6925
On June 25, 1996, the defendants filed this motion to dismiss counts one and three of the complaint. A memorandum of law in support accompanied the motion. The plaintiff filed a memorandum of law in opposition to the defendants' motion on July 30, 1996.
DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in the original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991)."A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983).
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person . . . (4) insufficiency of process, and (5) insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 143; Knipple v. VikingCommunications, 236 Conn. 602, 604 n. 3, 674 A.2d 426 (1996).
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Antinerella v. Rioux,229 Conn. 479, 489, 642 A.2d 699 (1994). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided on that alone. . . ." (Citation omitted; internal quotation marks omitted.) Barde v. Board ofTrustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988); see also Amorev. Frankel, 228 Conn. 364, 366, 636 A.2d 786 (1994).
Count One
The defendants move to dismiss count one of the complaint, asserting that (1) the court lacks subject matter jurisdiction; (2) the plaintiff made improper and insufficient service; and (3) the plaintiff lacks standing to bring this claim. The defendants argue that General Statutes § 52-572j governs shareholder derivative actions,[1] and that, because the plaintiff failed CT Page 6926 to comply with the requirements of the statute, he fails to have standing to bring the shareholder derivative claim.
In opposition, the plaintiff argues that the failure to serve RCW does not implicate the court's subject matter jurisdiction and that whether he fairly and adequately represents the interests of the other RCW shareholders is a question of fact to be resolved in a trial-type hearing. The plaintiff further argues that he has standing to bring the shareholder's derivative claim because there are no other shareholders similarly situated and the plaintiff is the only shareholder in a position to protect the interests of the corporation.
"A shareholder's derivative suit is an equitable action by the corporation as the real party in interest with a stockholder as nominal plaintiff representing the corporation. . . . It is designed to facilitate holding wrongdoing directors and majority shareholders to account. . . . The use of a nominal plaintiff in a derivative action makes it an unusual procedural device by reason of its dual nature in that it consists of the basic cause of action, which pertains to the corporation and on which the corporation might have sued, and the derivative cause of action, based upon the fact that the corporation will not or cannot sue on behalf of the corporation, and, second, the merits of the corporation's claim itself." (Citations omitted; internal quotation marks omitted.) Barrett v. Southern Connecticut GasCo., 172 Conn. 362, 370, 374 A.2d 1051 (1977); see alsoRosenfield v. Metals Selling Corp. , 229 Conn. 771, 791-92,643 A.2d 1253 (1994).
"With regard to the first cause of action, the defendants in a derivative action may properly question whether the plaintiff has standing in equity to act as the nominal shareholder acting on behalf of the other shareholders. . . ." (Citations omitted.)Barrett v. Southern Connecticut Gas Co., supra, 172 Conn. 370. Thus, in a shareholder's derivative suit, the corporation itself is a necessary party. Rosenfield v. Metals Selling Corp. , supra,229 Conn. 791.
The defendants argue that the court should dismiss count one of the complaint because the plaintiff did not name the corporation as a defendant, nor did he serve the corporation as a defendant, pursuant to General Statutes § 52-572j (b).[2]
The plaintiff argues that, even if the court were to find that the corporation is a necessary party, the plaintiff may join RCW, CT Page 6927 pursuant to General Statutes § 52-108 and Practice Book § 100.[3] [It should be noted that the plaintiff has not, to date, joined RCW as a defendant in this action.]
The superior courts are clear about whether a corporation must be made a defendant in a derivative action. See, e.g.,Bakogiannis v. Bailer, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 043906 (December 19, 1995, Comerford, J., 16 Conn. L. Rptr. 499) (where the court found that the corporate entity is an indispensable party in any derivative action brought pursuant to General Statutes § 52-572j, although the legislative language was ambiguous as to whether a corporation must made a defendant); Fish v. Fisher, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 328282 (September 29, 1987, O'Neill, J., 2 CSCR 1074) (where the court found that, "although the statutory language is not without defect the court sees a clear intent on the part of the legislature to have a shareholder's derivative action brought against the corporation . . . . That is mandatory.").
The court finds that, although the plaintiff did not name the corporation as a defendant, the plaintiff effected proper service of process upon the corporation, pursuant to the requirements of General Statutes § 52-572j (b).[4] There are two sheriff's returns — one in which each defendant is served in his or her individual capacity and the other in which Lawrence J. Levine and Ronald Mathieu were each served in their capacity as an officer and director of RCW.
Accordingly, the court hereby denies the defendants' motion to dismiss for failure to name the corporation as a defendant. The motion cannot be granted on the basis that the plaintiff failed to name RCW as a defendant to the shareholder's derivative action, because Practice Book § 198 provides, in relevant part, "[a]s set forth in § 152, the exclusive remedy for nonjoinder of parties is by motion to strike."
In support of their motion to dismiss count one of the complaint, the defendants also challenge the plaintiff's ability to represent them as shareholders of RCW in bringing the shareholder's derivative claim. "Because representative capacity is a question of standing, it must be addressed by the court whenever raised. The plaintiff has the burden of proving standing . . . ." Fink v. Golenbock, 238 Conn. 183, 199,680 A.2d 1243 (1996). "Indeed, because of the potential res judicata CT Page 6928 effect of a derivative suit, it is proper for the defendants in such an action to attack the standing of the plaintiff on the ground that the plaintiff cannot fairly and adequately represent similarly situated shareholders." Barrett v. Southern ConnecticutGas Co., supra, 172 Conn. 371-74.
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action . . . . [O]nce the question of lack of [standing] is raised, [it] must be disposed of no matter in what form it is presented . . . ." (Citations omitted; internal quotation marks omitted.) Id. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause." Tomlinson v. Board ofEducation, 226 Conn. 704, 717, 629 A.2d 333 (1993). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145.
Fink v. Golenbock, supra, 238 Conn. 183, is instructive in analyzing the defendants' claim that the plaintiff does not have standing to bring the shareholder's derivative claim on behalf of the corporation. As does the present case, Fink involved a closely held corporation and the defendant argued that the plaintiff lacked standing to sue on behalf of the corporation because the plaintiff's injuries were personal, not derivative. Id., 199-200. "[I]t is axiomatic that a claim of injury, the basis of which is a wrong to the corporation, must be brought in a derivative suit, with the plaintiff proceeding `secondarily,' deriving his rights from the corporation which is alleged to have been wronged." Id., citing Yanow v. Teal Industries, Inc.,178 Conn. 262, 281, 422 A.2d 311 (1979).
"[W]e recognize that there may be some instances in which the facts of a case give rise either to a direct action or to a derivative action — such as when an act affects both the relationship of the particular shareholder to the corporation and the structure of the corporation itself, causing or threatening injury to the corporation." Fink v. Golenbock, supra, 238 Conn. 202, citing 2 American Law Institute, Principles of Corporate Governance: Analysis and Recommendations (1994), § 7.01, comment c; J. Welch, "Shareholder Individual and Derivative CT Page 6929 Actions: Underlying Rationales and the Closely Held Corporation," 7 J. Corp. L. 147, 156 (1984) ("[T]he injury criterion can be most misleading in cases involving closely held corporations. If followed literally, this criterion would convert almost all actions by the shareholders of closely held corporations into individual actions, since the impact of almost any injury to such corporations will fall heavily upon its shareholders.").
In the present case, the defendants rely on Barrett, where the Supreme Court determined that the nominal plaintiff could not fairly and adequately represent the other shareholders. "Because the plaintiff [in Barrett] had brought an individual action against the corporation prior to bringing the derivative action, he, therefore, was seeking to `act on behalf of [the corporation] and all its shareholders at the same time he [was] demanding of them, as damages, funds which the corporation might otherwise use for dividends.' Barrett, however, does not hold that a plaintiff with possible individual claims against the corporation can never fairly and adequately represent other shareholders in a derivative action. Whether a plaintiff is an appropriate representative is fact-specific and depends upon a number of factors." Fink v. Golenbock, supra, 238 Conn. 204-05, quotingBarrett v. Southern Connecticut Gas Co., supra, 172 Conn. 374. In the present case, the defendants argue in support of their motion that due process requires that other shareholders must be able to depend on the ability of the nominal plaintiff in a shareholder's derivative action to adequately represent and fight for their interests, not just fight for his own personal financial gain. Where, however, as in the present case and in Fink, the only other shareholders in the corporation are those shareholders who are allegedly responsible for the harm to the corporation, "there is not [a] similarly situated shareholder and the plaintiff should not be prevented from bringing an otherwise proper derivative action by an objection from the wrongdoing shareholder[s]." Fink v. Golenbock, supra, 238 Conn. 206-07.
Thus, the court denies the defendants' motion to dismiss count one of the complaint because the plaintiff has standing to assert a shareholder's derivative cause of action. "[T]he derivative action is appropriate, not because the plaintiff is representative of the opposing shareholders, but because the shareholder may be the only representative in a position to protect those interests." Id., 207.
Count Three
CT Page 6930
In support of their motion to dismiss count three, the defendants argue that the court lacks jurisdiction over the defendants because the plaintiff lacks standing to sue the officers and directors of a corporation for individual damages. The defendants further argue that the plaintiff failed to allege facts showing unique or special individual injury, as required by law.
In opposition, the plaintiff argues that, as well as alleging harm to RCW as a direct result of the defendants' conduct in count one of his complaint, he also alleged acts by the defendants, in their capacity as officers, directors, and controlling shareholders, that harmed the plaintiff in ways that are distinct from the harm suffered by the corporation. The plaintiff also argues that the defendants failed to use the correct procedural device for attacking the legal sufficiency of a pleading.
"[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). "The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack, 30 Conn. App. 305, 309, 620 A.2d 181
(1993), citing Practice Book § 152. Accordingly, the court should deny the motion to dismiss as far as it purports to challenge the legal sufficiency of the plaintiff's complaint.
"Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book § 142. See, e.g., Knipple v. Viking Communications, 236 Conn. 602, 604 n. 3,674 A.2d 426 (1996). "A motion to dismiss shall be used to assert . . . lack of jurisdiction over the person . . . ." Practice Book § 143.
"Where a particular method of serving process is pointed out by statute, that method must be followed. Board of Education v.Local 1282, 31 Conn. App. 629, 632, 626 A.2d 1314, cert. granted,227 Conn. 909, 632 A.2d 688 (1993), citing Tanopal v. ConnecticutSiting Council, 212 Conn. 157, 163 n. 8, 561 A.2d 527 (1958);Fitzsimmons v. International Assn. of Machinists, 125 Conn. 490,493, 7 A.2d 448 (1939). "Unless service of process is made as the CT Page 6931 statute prescribes, the court to which it is returnable does not acquire jurisdiction." Board of Education v. Local 1282, supra,31 Conn. App. 632. "Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdictionover the person." (Emphasis in the original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989).
The relevant statute for service of process on a defendant who can be found in the state is General Statutes § 52-57, which provides in relevant part: "MANNER OF SERVICE UPON INDIVIDUALS, MUNICIPALITIES, CORPORATIONS, PARTNERSHIPS AND VOLUNTARY ASSOCIATIONS. (a) except as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state . . . ." The file in the present case contains a sheriff's return dated April 2, 1996, in which a true and attested copy of the original writ, summons and complaint was left with and in the hands of each individual defendant. Therefore, since the plaintiff served process "in time, form, and manner sufficient to satisfy the requirements's of General Statutes § 57-57(a), this court has personal jurisdiction over the defendants and hereby denies the defendants' motion to dismiss on this ground. See Bridgeport v. Debek, supra, 210 Conn. 179-80.
The defendants also argue, as they did in support of their motion to dismiss count one, that the plaintiff lacks standing to bring count three against the officers and directors of a corporation for individual damages. The defendants rely on a superior court case, in which the court determined that the "plaintiff had no standing to sue [the] two individual defendants in their respective individual capacities for damage they allegedly caused to the corporation which then resulted in damage to the plaintiff." Sankaran v. Jarvis, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 456254 (February 28, 1995, Handy, J.).
In the present case, however, the plaintiff alleges that the defendants engaged in acts which not only harmed the corporation, but harmed the plaintiff as well. The plaintiff alleges that the defendants owed a duty to him (Complaint, Count One, par. 10; Count Three, par. 30) and that they breached their fiduciary duty to him (Complaint, Count One, par 11). These allegations were CT Page 6932 incorporated by reference and made part of Count Three.
"An officer and director occupies a fiduciary relationship to the corporation and its stockholders . . . . He occupies a position of the highest trust and therefore he is bound to use the utmost good faith and fair dealing in all his relationships with the corporation." (Citations omitted.) Katz Corporation v.T. H. Canty Co., 168 Conn. 201, 207, 362 A.2d 975 (1975). "An individual stockholder cannot maintain an action at law against the directors of a corporation for mismanaging its affairs or defrauding the corporation. Such directors are the agents of the corporation and liable only to it, their principal for their acts." Sankaran v. Jarvis, supra.
"In contrast [to a shareholder's derivative action], in order for a shareholder to bring a direct or personal action against the corporation or other shareholders, that shareholder must show an injury that is separate and distinct from that suffered by any other shareholder or by the corporation." Fink v. Golenbock, supra, 238 Conn. 200-01. "Generally, individual stockholders cannot sue the officers at law for damages on the theory that they are entitled to damages because mismanagement has rendered their stock of less value, since the injury is generally not to the shareholder individually, but to the corporation. Yanow v.Teal Industries, Inc., supra, 178 Conn. 281. "It is, however, well settled that if the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where an alleged fraud perpetrated by the corporation has affected the plaintiff directly, the cause of action is personal and individual
. . . . In such a case, the plaintiff-shareholder sustains a loss separate and distinct from that of the corporation, or from that of other shareholders, and thus has the right to seek redress in a personal capacity for a wrong done to him individually." (Citations omitted.) Id.
In the present case, the plaintiff alleges conduct on the part of the named individual defendants in the first twenty eight paragraphs of count one of the complaint which he claims was unfair and undisclosed to him personally (Complaint, Count One, par. 29). These paragraphs are incorporated by reference and made part of Count Three. The plaintiff further alleges that the conduct of the defendants was intended to result in, or did result in, looting of the corporation and depriving the CT Page 6933 plaintiff's decedent of income and assets. (Complaint, Count Two, par. 32.) This paragraph was incorporated by reference and made part of Count Three. "Such claims — of looting the corporation and of failure of the directors to disclose important facts concerning corporate transactions — state personal, as opposed to derivative, causes of action." Yanow v. TealIndustries, Inc., supra, 178 Conn. 283.
Accordingly, the plaintiff has standing to bring his direct claims against the individual defendants and the court also denies the defendants' motion to dismiss on this ground.
CONCLUSION
The court denies the defendants' motion to dismiss counts one and three of the plaintiff's complaint because the plaintiff has standing to bring both a derivative and a direct individual action against the officers and directors of RCW for alleged wrongdoing on the part of the defendants. It is further found that the court has personal jurisdiction over the defendants and subject matter jurisdiction over the plaintiff's claims. Finally, as far as the motion attacks the legal sufficiency of the plaintiff's claims, the motion is denied because a motion to dismiss is the incorrect procedural device to attack the legal sufficiency of a pleading.
D. Michael Hurley Judge Trial Referee