[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, plaintiff Marilyn R. King appeals from a CT Page 2559 decision of defendant East Windsor Zoning Board of Appeals (hereinafter board) setting aside a zoning permit. The permit was originally issued to plaintiff to allow the renovation of a garage/office.
The matter reached the board through an appeal taken by an abutting owner, Krist A. Sullivan. A hearing followed.
The board's rationale for reversing the decision of the Zoning Enforcement Officer was that the property is located in an R-3 zone. Said zone does not permit the use requested absent a valid non-conforming use. The board found that the use was not validly non-conforming.
Subsequent to the Board's published decision, plaintiff timely filed the present appeal.
At argument, plaintiff offered evidence that she is the owner of the subject property. As an aggrieved owner, plaintiff is authorized to bring the instant appeal pursuant to 8-8(a)(1) and 8-8(b) General Statutes.
The action taken by the board is authorized pursuant to8-7 General Statutes which states that "[a]n appeal may be taken to the zoning board of appeals by any person aggrieved" . . .". . . to reverse any order, requirement or decision of the official charged with the enforcement of the zoning regulations . . . ."
Plaintiff sets forth various claims in her briefs. First is that the permit was not ripe for appeal insofar as it was not "final", but was merely conditional and subject to approval of a site plan. Plaintiff uses "site plan" in the context of 8-3(g) General Statutes and 13.5.1 of the East Windsor Zoning Regulations. Where this particular type of "site plan" is required no permit may issue absent approval of the plan by the planning and zoning commission. This claim is without merit. The permit at issue herein required only a "plot plan" within the meaning of 13.1.1 of the regulations. On the face of the permit (permit #139-90 Record, Exhibit L, D-8) the space for PZC approval is marked N/A; thus indicating that site plan approval was not necessary. In fact, plaintiff has heretofore claimed that site plan approval was not necessary. See Record Exhibit L, D-1, D-2; Exhibit K, P-15. Applicable regulations demonstrate that the permit was not issued conditionally, did not require a site plan and was properly before the board for CT Page 2560 review.
Plaintiff disputes the board's finding that there was no valid non-conforming use. East Windsor's most recent regulations were adopted on September 7, 1978. A non-conforming use may be established by meeting two criteria. "First, it must be lawful and second, it must be in existence at the time that the zoning regulation making the use non-conforming was enacted." Helicopter Associates, Inc. v. Stamford, 201 Conn. 700,712, 519 A.2d 49 (1986) [citations omitted] (emphasis in original). The record shows that the building in question did not exist prior to 1975. The testimony indicated that it was constructed in 1981. Record, Transcript, Exhibit E, p. 71. There is nothing on the record to support a finding of a non-conforming use. The board was correct in rejecting this claim.
As an adjunct to the determination regarding non-conforming use, the board also confirmed that the property was in an R-3 zone, as indicated on the permit. At argument, plaintiff centered her argument around the board's interpretation of certain maps in determining the property boundaries. The crux of this claim is that the board was not interpreting established boundaries. Plaintiff claims that the board was, in fact, legislating boundary lines. Thus, according to plaintiff, the board acted outside its jurisdiction insofar as the establishment of boundary lines is a function committed solely to the PZC. Plaintiff is correct in the assertion that the PZC is charged with setting boundaries. 8-3a General Statutes. While the transcript reveals some confusion among the various witnesses, it is clear from the record of the board's deliberations that they understood the source of the confusion. The board believed that it was the information relied upon in issuing the permit which was incorrect. The issuing authority agreed. (Record, Transcript Exhibit E, p. 121). Moreover, the testimony established that the boundaries had not changed in this area since 1975 — prior to the construction of the existing structure. (Record, Transcript, Exhibit E, p. 97). In the final analysis the board was clear as to the location of the boundary and voted unanimously to sustain the appeal.
As the record does not support plaintiff's claim that the board was establishing a zoning line rather than interpreting existing maps and regulations, the court cannot substitute its judgment on this issue. "The court's function in considering an appeal from a zoning authority is limited to a determination of whether the board had acted illegally, arbitrarily or in abuse the discretion vested in it." Tazza v. Planning Zoning Commission 164 Conn. 187, 191, 319 A.2d 393 (1972). "The burden of showing that the board acted without sufficient CT Page 2561 evidence, illegally or arbitrarily, or in abuse of its discretion [is] on the plaintiffs." Welch v. Zoning Board of Appeals, 158 Conn. 208, 216, 257 A.2d 795 (1969). The plaintiff has failed to meet her burden. Accordingly, the appeal is dismissed.
DUNNELL, JUDGE