[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter comes before the court on a motion to intervene as party defendants and motion to open stipulated judgment filed by proposed intervenors Joseph Mitri, Sr. and Helen Mitri. A procedural and factual history of the underlying matter is essential to the proper disposition of these motions.
CMC Development of Daniels Road, Inc. (hereinafter "CMC") possesses an ownership interest in a parcel of land in the Town of Trumbull known as 760, 790, 806 and 826 Daniels Farm Road. In March of 1995, CMC made application for zone change in the Town of Trumbull so that this property could be developed as an affordable housing project. A public hearing was held on this proposal and thereafter, on or about July, 11, 1995, the Planning and Zoning Commission of the Town of Trumbull voted to deny the application. Thereafter, CMC filed a modified application which, after public hearing, was also denied on August 29, 1995.
CMC filed took an appeal to the Superior Court, relying onConnecticut General Statutes section 8-30g, commonly known as the affordable housing statute. That action was made returnable on October 17, 1995. CMC served the Trumbull Planning and Zoning Commission and the Town Clerk of Trumbull. Thereafter, on November 8, 1995, a Motion to Intervene was filed by Janine M. Becker and O. Scott Becker. They claimed that they owned property within 100 feet of the CMC property and therefore would be "specially effected by the direct legal operation and effect of the judgment." That motion was granted by the court (Maloney, J.) on February 20, 1996. Thereafter, on March 7, 1996, an amended complaint was filed by the plaintiff to reflect the interest claimed by the intervening defendants. Answers and the CT Page 7155 Return of Record were filed with the court on or about April 23, 1996. The parties' respective briefs (or memoranda of law) were all filed by the end of September, 1996. The matter was then referred to a designated affordable housing judge for hearing and decision. Prior thereto, the parties (including the intervening defendants) were referred to this court (also a designated affordable housing judge) for pre-trial of the issues. On oral motion and written stipulation to parties submitted to court an agreement to judgment, was entered by the court (Munro, J.) on July 2, 1997 after hearing.
On September 24, 1997, the movants, Joseph Mitri, Sr. and Helen Mitri moved to intervene as party defendants and to open the judgment entered on July 2, 1997. It is these motions that are before this court.
The movants, Joseph Mitri, Sr. and Helen Mitri seek to intervene and open the judgment in this matter.
Intervention in this matter is permitted under Conn. GeneralStatutes § 52-102 in the discretion of the court. "Upon motion made by any party or nonparty to a civil action, the person named in the parties motion or the nonparty. So moving, as the case maybe, (c) may be made a party by the court if that person has or claims an interest in the controversy or any part thereof, adverse to the plaintiff. . . ."
The Mitri's claim such an intent adverse to the plaintiff, as owners of property abutting or within 100 feet of the plaintiff's property. The decision whether to allow this intervention is a matter of discretion for this court. The movant claims that theirs is a motion to intervene "as of right." Their status as abutting property owners confers them standing to bring an appeal under Conn. General Statutes § 8-18. The statutory language does not grant them abutting property intervention "as of right" in a matter. Tazza v. Planning and Zoning Commission,164 Conn. 187, 190 (1972). This court does not find that the movants are necessary for a complete determination of the issues at hand (Conn. General Statutes § 102(2). In fact, this matter has gone to judgment without their intervention. The movants' motion is not timely, in the sense that the matter has already gone to judgment. The motion lacks the timeliness necessary for any consideration to be intervention as a matter of right. Horton v.Meskill, 187 Conn. 187, 193 (1982). CT Page 7156
The movants, in the alternative claim that they should be permitted to intervene, thereby, the court considering their motion as one for permissive intervention.
"The consideration of permissive intervention involves numerous factors including the timeliness of the intervention, the proposed intervenors's interests in the controversy, the adequacy of representation of such interest by existing parties, the delay in the proceedings or other prejudice to the existing parties the intervention may cause, and the necessity for or value of the intervention in terms of resolving the controversy before the court." Ibid at p. 197
(i) Timeliness
The motion to intervene is not timely. It is post-judgment. It is filed one and one half years after the commencement of this action. The movants claim that they are justified in the delay because they relied on the defendant Commission to protect their interests and they were disappointed as the result, the court's acceptance of the stipulated judgment. Other abutting property owners however intervened. Janine M. Becker and O. Scott Becker, in November, 1995, in a timely manner, moved to intervene. Said motion was granted. They participated in the pre-judgment proceedings. The same opportunity was available to the movants. They made a choice not to seek to intervene as parties until the matter had already gone to judgment.
(ii) The proposed intervenors's interest in the action and the adequacy of representation of such interest by existing parties.
The movants seek to reopen the judgment, in this matter on July 2, 1997. In seeking to reopen the judgment the movants are opposing the erection of multiple units by CMC at the subject property, claiming that their erection will adversely affect the neighborhood character, increase traffic congestion and "seriously and detrimentally affect the use and enjoyment as well as the value of the movant's property."
The plaintiff's proposed property use is the construction of affordable housing. This context must be considered. At the commission level, the application and an amended application were denied. The plaintiff applicant took the appeal.
CT Page 7157
 "Upon an appeal . . . the burden shall be on the commission to prove, based upon the evidence in the record compiled before such commission that (1)(A) the decision from which such appeal is taken and the reasons cited for such decisions are supported by sufficient evidence in the record; (B) the decision is necessary to protect substantial public interests in health, safety, or other matters which the commission may legally consider; (c) such public interests clearly outweigh the need for affordable housing; and (D) such public interests cannot be protected by reasonable changes to the affordable housing development or (2)(A) the application which was the subject of the decision from which such appeal was taken would locate affordable housing in an area which is zoned for industrial use and which does not permit residential uses and (B) the development is not assisted housing, as defined in subsection (a) of this section. If the commission does not satisfy its burden of proof under this subjection, the court shall wholly or partly revise, modify, remand or reverse the decision from which the appeal was taken in a manner consistent with the evidence in the record before it." Conn. General Statutes § 8-30g(c).
The burden of proof was on the Commission to meet all four of these subsections thresholds. The movants as intervenors would have the same requirements. Janine Becker and O. Scott Becker, as intervenor, faced the same requirements. The defendant commission, by the specific language of the statute, was charged with the burden of proof as to the public interest referenced in the statute. This public interest includes the movants. The stipulated judgment in this matter reduced the concentration of units per buildable acre from that which was in the application and amended application with revised drainage and landscaping plans. The effective number of units to be built by plaintiff was reduced from the 65 units as proposed, to a total of 52 units, as stated in the judgment. This represents a 20 percent reduction in intensity of use of the land.
Considering the context of Conn. General Statutes § 8-30g(c) and the Commission's duty to protect the public interest, this court finds that the movant's interests were fairly and adequately represented by the existing parties.[1]
(iii) Delay that would result from intervention and necessity for or value of intervention in resolving the controversy.
If intervention were allowed to occur, therefrom, then the CT Page 7158 motion to reopen would be granted, the matter would require time for all the additional pre-hearing filings of the hearing itself, and then, the decision of the trial court. This application was completed before the Trumbull Planning and Zoning Commission in the summer of 1995. It is now, essentially three years later. Any further delay would, undoubtedly be to the detriment of the plaintiff. The plaintiff undoubtedly has invested in this development land and particularly in reliance on the judgment entered on July 2, 1997.[2]
The movants clearly, by definition, are not necessary for the disposition of this matter. It went to judgment without their intervention. The movant's presence, therefore, is and was not necessary for an adequate resolution of the dispute pertaining to the plaintiff's appeal. Horton v. Meskill, op. cit, p. 198
The Motion to Intervene is denied. The Mitri's not being granted party status lack standing to assert the Motion to Open. It is therefore denied.
Lynda B. Munro Judge of the Superior Court