[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION TO STRIKE #104.00
This memorandum of decision addresses the question of whether to strike the plaintiffs' complaint for failing to join the developers of their common interest communities to this action or, alternatively, to plead with particularity a claim for fraud or intentional misrepresentation. The court finds that the developers of the plaintiffs communities are neither necessary or indispensable parties to this action. The court also finds that the plaintiffs have pleaded claims for both fraud or intentional misrepresentation as well as promissory estoppel. Accordingly the court denies the defendant's motion.
 I — Facts of the Case
Torringford Farms Association, Inc., and Torrington Farms II Association, Inc., (plaintiffs) are unit owners' associations that own the common areas and roads in their respective common interest communities in the city of Torrington. The complaint alleges that the developers of their common interest communities failed to lay a proper top course of asphalt on the roads upon construction. It states that the plaintiffs have made substantial expenditures to repair the roads in their communities, yet the roads are still unfit for normal vehicular travel and now require installation of a binder course. The remainder of their complaint alleges the bases as to why they claim that the defendant city of Torrington is liable to them for the cost of these repairs.
According to the complaint, when the planning and zoning commission of the city of Torrington (defendant) approved the developers' applications for subdivision of the property where the plaintiffs' communities are located, it did so on the condition that the developers post a road bond within 45 days of the approval. The defendant then issued documents CT Page 11477 regarding the road bond requirement and these documents were recorded in the Torrington land records. Parties contracting for the purchase of units in both developments were provided with public offering statements that included these documents. The plaintiffs allege that these documents constituted representations by the defendant that road construction would be bonded and thus properly constructed to city specifications and that the purchasers, their attorneys, and title abstractors relied on these representations. The developers did not post the required road bonds, yet they commenced and completed development of the communities. The plaintiffs allege that the city of Torrington (defendant) was responsible for the regulation and oversight of the construction of highways in residential neighborhoods in Torrington.
On March 15, 2000, the defendant filed a motion to strike the plaintiffs' complaint on the grounds that the plaintiffs failed to join the developers as necessary parties or, alternatively, that the plaintiffs have failed to plead with particularity a claim for fraud or intentional misrepresentation.
 II — Discussion
"The purpose of a motion to strike is to contest . . ., the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court must consider the facts that are necessarily implied and fairly provable under the allegations. S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, PC., 32 Conn. App. 786, 796, 631 A.2d 340
(1993), cert. denied, 228 Conn. 903, 634 A.2d 296 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. In deciding a motion to strike, the court shall consider only those grounds specified in the motion. Blancato v.Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235 (1987).
"Whenever any party wishes to contest . . ., the legal sufficiency of any . . . complaint, counterclaim or cross complaint or any count thereof, because of the absence of any necessary party . . ., that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a); see George v. St. Ann's Church,182 Conn. 322, 325, 438 A.2d 97 (1980). "A motion to strike on the ground of the nonjoinder of a necessary party . . . must give the name and residence of the missing party . . . or such information as the moving party has as to the identity and residence of the missing party . . . and CT Page 11478 must state the missing party's . . ., interest in the cause of action." Practice Book § 10-39(b); see Bouchard v. People's Bank,219 Conn. 465, 468 n. 3, 594 A.2d 1 (1991). The exclusive remedy set forth in the practice book also applies to nonjoinder of indispensable parties. See George v. St. Ann's Church, supra, 182 Conn. 325; Levine v.Police Commission, 28 Conn. App. 344, 351, 612 A.2d 787, cert. denied,223 Conn. 923, 614 A.2d 823 (1992).
In the present case, the defendant properly raises the issue of nonjoinder of the developers of the plaintiffs' communities in its motion to strike. Therein, the defendant essentially reasons that the developers should be joined as parties because they were actually obligated to construct adequate roadways in the communities and to procure the bond required by the defendant. Additionally, as required by the rules of practice, the defendant provides the name and address of the parties that it seeks to join. In response, the plaintiffs assert that it was the defendant's failure to fulfill its obligation to require security for the proper construction of the roads that caused their financial injury because the defendant would have been able to draw upon the bond in order to complete proper construction of the roads. The plaintiffs also reason that because the developers are "financially defunct," their presence is not required.
While courts and commentators have sometimes blurred or questioned the distinction between "indispensable" and "necessary" parties,[1] the rules of practice, as elucidated by our Supreme Court, specify when a court must or may strike a complaint for failing to certain parties as defendants. Under Practice Book § 9-18, a court "may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others." Hence, if determining the case would prejudice the rights of non-parties, the court cannot hear the matter and must grant a proper motion to strike for failure to join them as parties. Such parties are sometimes referred to as "indispensable," terminology the rule itself wisely omits.
"Joinder of indispensable parties is mandated because due process principles make it essential that [such parties] be given notice and an opportunity to protect [their] interests by making [them] a party to the [action]." (Brackets in original; internal quotation marks omitted.)Hilton v. New Haven, 233 Conn. 701, 722-23, 661 A.2d 973 (1995), citingFong v. Planning Zoning Board of Appeals, 212 Conn. 628, 634,563 A.2d 293 (1989). In Fong, the court concluded that a successful applicant to a zoning board of appeals is an indispensable party when some other party appeals the favorable decision. The court reasoned that the decision in the applicant's favor created a special interest equivalent to a "tight" and because an appeal could possibly extinguish that CT Page 11479 "right," the applicant was entitled to notice and "an opportunity to protect his interests." Fong v. Planning Zoning Board of Appeals, supra, 212 Conn. 633-34; compare Levine v. Police Commission, supra,28 Conn. App. 353 (holding that neighborhood residents who successfully petitioned commission for parking restrictions were not granted rights and that their interests were adequately represented by commission). InHilton v. City of New Haven, the court held the state was not an indispensable party notwithstanding the fact that constitutional claims were raised that could have had significantly affected the state's interests because the state was not prejudiced or "otherwise adversely affected by not being joined as a party at trial." Hilton v. City of NewHaven, supra, 233 Conn. 724. The court, however, noted as "unique" the fact that the state appeared in the appeal as amicus curiae and participated in both the briefing of issues and oral argument. Id., 723-24.
There is no indication that the rights or property interests of the developers are at stake in this action and the principles of due process are not offended by the plaintiffs failure to join them as parties. Nothing in the determination of this case against the city of Torrington will prejudice the rights of the developers. Accordingly, based on the criteria set forth by the Connecticut Supreme Court, the developers are not indispensable parties in this action.
The rules of practice also describe another category of party which the court "may direct, . . . be brought in" — those without whom "a complete determination [of the pending matter] cannot be had." Practice Book § 9-18. In Sturman v. Socha, 191 Conn. 1, 6-7, 463 A.2d 527
(1983), the court distinguished between those "indispensable" parties without which a case could not proceed (because their rights would be prejudiced) and this other category of optional party, sometimes referred to as a "necessary" (but not indispensable) party:
 Parties have been characterized as "indispensable" when they not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience. . . . Necessary parties, however, have been described as persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved CT Page 11480 in it. . . . But if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.
(Citations omitted; internal quotation marks omitted; brackets omitted.) The distinction between the "mandatory-indispensable" party whose absence requires the court to strike the complaint and the so-called "necessary" party is whether the action will prejudice that party's rights. If so, they are indispensable; if not, then not. The optional category of "other parties without whom a complete determination cannot be had" are those who have an interest in the case and whose presence is necessary to "do complete justice by adjusting all the rights involved," but who are not indispensable because their absence will not prejudice their rights.
The court's decision in Biro v. Hill, 214 Conn. 1, 570 A.2d 182
(1990), provides guidance for the trial court's exercise of discretion as to when a court may grant a motion to strike for failing to join such a party having an interest because their presence is necessary to do complete justice. In Biro v. Hill, the plaintiffs filed suit against a law firm, four of its partners and a former partner named Hill. Id., 4. Two counts of the complaint were solely directed to Hill, three counts named Hill and the law firm as joint tortfeasors, and two counts were solely directed to the law firm. Id. The plaintiffs dropped two breach of contract counts against Hill after they were notified that he was no longer a partner in the law firm and had moved to Florida where personal service was not possible. Id., 4-5. The court found that because two counts of complaint pertained only to the law firm, a party before the court, and because the law firm at party could also be held fully liable for all damages alleged in the remaining counts under the doctrine of joint and several liability, the plaintiffs could obtain full relief without joining Hill in the suit. Id., 6-7. Hence the decision of the trial court to strike the complaint based on nonjoinder of a necessary party was found to be erroneous. Id., 7.
In this case, the plaintiffs allege, inter alia, that "the highways were constructed by the developer by either not puffing on a top course of asphalt on the highways in Torringford Farms I II or by putting on an inadequate top course, as a result of which, the Plaintiffs have expended a substantial amount of money to make the roads passable, and a complete binder course needs to be installed on all the roads in both phases to make them reasonably safe for winter use and emergency vehicles." (Complaint ¶ 20.) Though the earlier counts of the complaint are generally directed to the defendant's conduct, the CT Page 11481 twentieth count alleges only the developers' failure to lay a proper top course of asphalt on the highways. Nevertheless, while a finding with regard to the developers' failure to lay a top course is a necessary component of the plaintiffs' cause of action, the developers' presence as a party before the court is not required to fully determine the entire controversy between these plaintiffs and this defendant. Under the plaintiffs' theory of their case, the city of Torrington is liable irrespective of any liability on the part of the developers. The defendant has cited no authority to the contrary. Nor does the defendant claim that this a situation to apply the rules of comparative negligence. Furthermore, since the essence of the plaintiffs' claim is the city's liability for its part in making representations that misled the plaintiffs, the presence of the developer might even, from the court's perspective in considering a motion to strike,[2] detract from the novel question of whether, on the Facts alleged or to be proven, the city may be held liable.
The defendant claims, in the alternative, that the plaintiffs fail to state a claim upon which relief can be granted as to the city of Torrington in that the complaint fails to plead with particularity a claim for fraud or intentional misrepresentation. In response the plaintiffs assert that they state a cognizable claim for promissory estoppel. The court will consider the elements of both causes of action in turn.
"The essential elements of an action in common law fraud, as we have repeatedly held, are that: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury." Barbara Weisman, Trustee v. Kaspar, 233 Conn. 531, 539,661 A.2d 530 (1995).[3]
Regarding the first element, the plaintiffs allege that the documents indicating restrictions on the development of their communities were recorded in the city land records and that the issuance and recording of such documents constituted a representation on the part of the defendant. They further allege that the defendant should have known that purchasers and their agents would rely on these representations. The plaintiffs have not cited, nor has the court found, any statute requiring that a letter of approval from a zoning board of the type indicated here or a declaration of restrictions on subdivision approval be recorded in municipal land records. In their opposition to the motion to strike, the plaintiffs allege that "[t]he defendant knew that these documents would provide the framework for the purchase of properties within the development and that by including its own documents in the declaration CT Page 11482 and public offering statement, purchasers would be relying on the fact that the City by the bonding requirement would be protecting the proper construction of highways within the developments." (Opposition Motion to Strike at 7.) However, accepting the facts to be those alleged, the plaintiff states that the defendant made representations to the purchasers of property by the issuance and recording of the letter of approval and the declaration of restrictions. While it is true that such representations must ordinarily be those regarding past or present facts, there is an exception when a promise is made with a present intent not to fulfill it. Paiva v. Venech Heights Construction Co., 159 Conn. 512,515, 271 A.2d 69 (1970). Here, the plaintiff alleges that the defendant had no intention of requiring that a road bond be posted. Thus, the first and second elements of a false representation are alleged.
As to the third element, the plaintiff alleges that the defendant "should have known that persons purchasing units in Torringford Farms, their attorneys, and title abstractors would rely on the Defendant's representations as to highway construction in purchasing units in Torringford Farms." (Complaint ¶ 18.) The complaint also states that by issuing and recording documents referencing the road bond requirement, "the defendant represented and held out to all purchasers of property . . . that the proper road construction to town specifications . . . would be protected by a road bond. . . ." (Complaint ¶ 17.) "The purpose of land records is to provide notice of the status of tide and the encumbrances affecting such tide." Electric Boat Community Federal CreditUnion v. Salerno, Superior Court, judicial district of New London at New London, Docket No. 517968 (April 1, 1992, Hendel, J.), citing ConnecticutNational Bank v. Lorenzato, 221 Conn. 77, 81-82, 602 A.2d 959 (1992). Thus, land records are purposed, at least in part, to induce action or inaction on the part of those referring to them. Accordingly, the third element is met.
Lastly, the plaintiffs must claim that they were injured by their reliance. The plaintiffs allege that due to the defendant's failure to require a road bond, roads were not constructed to town specifications and now need remedial attention to be fit for normal vehicular travel and for safety and emergency vehicles. This is sufficient to satisfy the injury requirement.
With regard to the issue of whether the plaintiffs raise a legally sufficient claim for promissory estoppel, "[u]nder our well-established law, any claim of estoppel is predicated on proof of two essential elements: the party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some CT Page 11483 injury. . . . It is fundamental that a person who claims an estoppel must show that he has exercised due diligence to know the truth, and that he not only. did not know the true state of things but also lacked any reasonably available means of acquiring knowledge." Chotkowski v. State,240 Conn. 246, 268, 690 A.2d 368 (1997).
The complaint alleges that by issuing and recording documents referencing the road bond requirement, "the defendant represented and held out to all purchasers of property . . . that the proper road construction to town specifications . . . would be protected by a road bond . . ." (Complaint ¶ 17.) This allegation satisfies the pleading requirements for the first element of a promissory estoppel claim, that the defendant said or did something that was "calculated or intended to induce another party to believe that certain facts exist and to act on that belief." See Chotkowski v. State, supra, 240 Conn. 268. As to whether there was a change in position in reliance on those facts, it may fairly be implied from the facts alleged that purchasers and/or their agents acted in reliance upon the facts in purchasing property in the subdivisions. As to the final requirement, that the plaintiffs exercised due diligence, the plaintiffs allege that: "prospective purchasers and their attorneys exercising due diligence could safely rely on the Defendant's written and recorded representations." (Complaint ¶ 17.) The plaintiffs do not, however, allege that they lacked any reasonably available means of acquiring knowledge. However, under the circumstances, there would be no reason for parties relying upon the information contained in the land records to seek additional information.
There is also the issue of whether it is appropriate to raise a claim of promissory estoppel against a municipality. "[A]s a general rule, estoppel may not be invoked against a public agency in the exercise of its governmental functions." Kimberly-Clark Corp. v. Dubno, Commisionerof Revenue Services, 204 Conn. 137, 146, 527 A.2d 679 (1987). "Nevertheless, we noted that an exception to this general rule is made where the party claiming estoppel would be subjected to a substantial loss if the public agency were permitted to negate the acts of its agents." Id., 147. "[E]stoppel against a public agency is limited and may be invoked: (1) only with great caution; (2) only when the action in question has been induced by an agent having authority in such matters; and (3) only when special circumstances make it highly inequitable or oppressive not to estop the agency." Id., 148.
The plaintiffs allege that the letters referencing the road bond requirement were produced by Gladys Cerruto and John T. Hogan, both chairpersons of the defendant's planning and zoning commission. Both of these persons had the authority to report on the decision of the CT Page 11484 commission in approving the subdivisions, thus satisfying the authority requirement. Furthermore, the loss alleged by the plaintiffs is substantial. As for the defendant's contention that governmental immunity or "special circumstances" bar the present action, such claims are more properly raised by special defense, as they require articulation of those special circumstances for the court to consider in exercising the "great caution" counseled by the Supreme Court. Hence it is inappropriate to address that issue here.
 III — Conclusion
Because the court finds that the developers are not necessary parties to this action and because the plaintiffs state legally cognizable claims for both fraud or intentional misrepresentation and promissory estoppel, the defendant's motion to strike the plaintiffs complaint is denied.
BY THE COURT
STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT